248

868 A.2d 895

**Lamont MATTHEWS**

v.

**STATE of Maryland.**

**No. 2321, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Feb. 24, 2005.

Aaron G. Seltzer (Nancy S. Forster, Public Defender, on brief), for appellant.

Ann N. Bosse (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel DAVIS, ADKINS, and MEREDITH, JJ.

DAVIS, J.

In *Garrison v. State*, 350 Md. 128, 139, 711 A.2d 170 (1998), the Court of Appeals said:

> As a matter of Maryland case law, a defendant in a criminal case denied his right to a desired appeal through no fault of his own, and who has been diligent in attempting to assert his appeal rights, is entitled to a belated appeal, without the necessity of presenting any other evidence of prejudice.

The question presented in this appeal is whether a defendant in a criminal case denied his right to a desired motion for modification of sentence through no fault of his own is entitled to file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice. We conclude that he is.

In December of 1997, Lamont Matthews, appellant, was convicted in the Circuit Court for Baltimore City of several offenses. He was sentenced to concurrent ten-year terms of imprisonment, but the execution of eight years of each of those terms was suspended in favor of a five-year term of probation upon release. In August of 1999, appellant was convicted of committing a crime while on probation. In September of 1999, as a result of that conviction, appellant was found to have violated a condition of his probation. The court revoked the probation and ordered that appellant serve the eight years that had previously been suspended, consecu-

tive to the sentence imposed for the crime appellant committed on probation.

On August 2, 2001, appellant filed a petition for post conviction relief, asking that he be permitted to file a belated motion for modification of sentence, claiming that his attorney's failure to file such a motion deprived him of his right to the effective assistance of counsel. At the post conviction hearing, appellant testified that, at the conclusion of the sentencing on September 15, 1999, he discussed the matter of filing a motion for reconsideration with his public defender counsel and expressly asked counsel to file such a motion. Appellant's post conviction counsel argued that appellant was entitled, under the authority of *State v. Flansburg*,[1] to file a belated motion for modification of sentence.

The hearing judge concluded that appellant had failed to satisfy the second prong of the two-prong *Strickland*[2] test. The hearing judge noted that appellant's testimony, "that he requested his attorney to file the motion, does not satisfy [his] burden of proof" because the court could not "conclude that there is a reasonable probability that a motion to modify would have been granted had it been filed." The hearing

---

1. 345 Md. 694, 694 A.2d 462 (1997).

2. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

 As the Court of Appeals said in *Gross v. State*, 371 Md. 334, 349, 809 A.2d 627 (2002):

 Deficient performance is prejudicial to a petitioner if there is a substantial possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different.... Although *Strickland* and its progeny promulgated standards for determining the effectiveness of trial counsel, the same standards apply in assessing appellate counsel effectiveness.

judge concluded that appellant had therefore failed to show that he was prejudiced by counsel's failure to file the motion and denied the requested relief. We granted appellant's application for leave to appeal from that judgment.

Appellant argues here, as he did in the circuit court, that he is entitled to the relief he requests pursuant to *State v. Flansburg*, 345 Md. 694, 694 A.2d 462 (1997). We agree.

In that case, following a probation revocation, Flansburg's attorney failed to file a motion under Maryland Rule 4–345(b) for modification of his sentence, notwithstanding Flansburg's request. Flansburg later filed a petition for post conviction relief, claiming that his attorney's failure to file a motion for modification of sentence had deprived him of his right to the effective assistance of counsel. The circuit court dismissed the petition, concluding that the Maryland Post Conviction Procedure Act did not permit such challenges.

This Court granted Flansburg's application for leave to appeal and reversed, concluding that Flansburg's challenge to the adequacy of his counsel at and after the probation revocation proceeding was cognizable under the Maryland Post Conviction Procedure Act. *Flansburg v. State*, 103 Md.App. 394, 653 A.2d 966 (1995). The Court of Appeals granted the State's petition for a writ of certiorari, *State v. Flansburg*, 339 Md. 232, 661 A.2d 733 (1995), and affirmed our judgment, 345 Md. 694, 694 A.2d 462 (1997).

At the outset, the Court of Appeals noted that the case presented two issues:

1. whether the respondent John Flansburg had a right to the effective assistance of counsel with regard to a motion under Maryland Rule 4–345(b) for modification of the sentence reimposed at a probation revocation proceeding;

2. whether his claim that he had such right to the effective assistance of counsel is cognizable under the Post Conviction Procedure Act.

345 Md. at 696, 694 A.2d 462.

After discussing the applicable law, the Court concluded

that Flansburg's claim was cognizable under the Post Conviction Procedure Act. Counsel's failure to abide by his client's wishes resulted in Flansburg's loss of any opportunity to have a reconsideration of sentence hearing. Flansburg expressly instructed his public defender to file a motion for reconsideration, and based on the Public Defender Act and the rules, Flansburg had a right to expect that his request would be honored. The failure to follow a client's directions to file a motion, when statutory provisions and rules expressly extend representation to such a motion, is a ground for the post conviction remedy of permission to file a belated motion for reconsideration of sentence.

345 Md. at 705, 694 A.2d 462.

Although the Court made no reference to the *Strickland* case or mention of the word "prejudice," it is clear that the Court implicitly concluded that Flansburg was prejudiced by the "loss of any opportunity to have a reconsideration of sentence hearing." We therefore make explicit what was merely, but clearly, implicit in *Flansburg:* The failure to follow a client's directions to file a motion for modification of sentence is a deficient act, and such a failure is prejudicial because it results in a loss of any opportunity to have a reconsideration of sentence hearing. Accordingly, when a defendant in a criminal case asks his attorney to file a motion for modification of sentence, and the attorney fails to do so, the defendant is entitled to the post conviction remedy of being allowed to file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED.**

**CASE REMANDED WITH INSTRUCTIONS TO GRANT THE REQUESTED RELIEF.**

**COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**