State of Maryland v. James Kareen Day, No. 67, September Term, 2019

**INEFFECTIVE ASSISTANCE OF COUNSEL – MOTION FOR MODIFICATION OF SENTENCE – MARYLAND RULE 4-345(e) – REMAND – MARYLAND RULE 8-604(d) –** Court of Appeals concluded that case potentially presented issue of whether petitioner for postconviction relief seeking right to file belated motion for modification of sentence pursuant to Maryland Rule 4-345(e) based on ineffective assistance of counsel must establish that he or she timely requested that trial counsel file such motion. As such, Court of Appeals determined that case potentially involved issue of whether State v. Adams, 171 Md. App. 668, 912 A.2d 16 (2006), aff'd in part and rev'd in part, 406 Md. 240, 958 A.2d 295 (2008), stands for proposition that to establish ineffective assistance of counsel postconviction petitioner need not demonstrate that request to file motion for modification of sentence was made, and whether this is good law. Court of Appeals concluded, however, that it was unable to reach merits because bases underlying trial court's order denying postconviction relief and Court of Special Appeals's order reversing and remanding case for filing of belated motion for modification of sentence were unclear. Pursuant to Maryland Rule 8-604(a) and (d), Court of Appeals remanded, without affirming or reversing, to Court of Special Appeals with instruction that Court of Special Appeals clarify basis for its order of September 12, 2019, reversing judgment of Circuit Court for Montgomery County denying postconviction relief and remanding and granting permission for filing of belated motion for modification of sentence.

Circuit Court for Montgomery County
Case No. 109580-C
Argued: May 13, 2020

IN THE COURT OF APPEALS

OF MARYLAND

No. 67

September Term, 2019

_____

STATE OF MARYLAND

v.

JAMES KAREEN DAY

_____

Barbera, C.J.
McDonald
Watts
Hotten
Getty
Booth
Biran,

JJ.

_____

Opinion by Watts, J.

_____

Filed: July 10, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

After imposition of a sentence in a criminal case, a defendant may seek modification of that sentence pursuant to Maryland Rule 4-345(e). To obtain such review, Maryland Rule 4-345(e)(1) provides that the defendant must file a motion seeking modification within ninety days after imposition of the sentence. Recently, in State v. Schlick, 465 Md. 566, 577, 214 A.3d 1139, 1145 (2019), we reaffirmed

> that when a defendant directs his or her lawyer to file a motion to modify the sentence, the lawyer's failure to file a timely motion may constitute ineffective assistance of counsel. To remedy counsel's ineffectiveness, the postconviction court may permit a defendant to file a belated motion for modification of sentence.

(Citations omitted).

Here, in the Circuit Court for Montgomery County, a jury convicted James Kareen Day, Respondent, of first-degree burglary, robbery, and conspiracy to commit robbery, and the circuit court sentenced Day to a total of fifty years of imprisonment. After unsuccessfully pursuing a direct appeal and sentence review by a three-judge panel, Day petitioned for postconviction relief, contending that trial counsel provided ineffective assistance of counsel by failing to file a motion for modification of sentence pursuant to Maryland Rule 4-345(e) when he had allegedly asked trial counsel to do so. At a hearing on the petition, Day gave seemingly inconsistent testimony concerning whether he asked trial counsel to file a motion for modification on his behalf. Day testified that trial counsel did not advise him of options for attempting to have his sentence modified and that he learned about the possibility of filing a motion for modification of sentence through a jailhouse lawyer, but that he asked trial counsel at the sentencing proceeding to "do a reconsideration." For his part, trial counsel testified that he had no recollection of Day

asking him to do anything to try to modify the sentence or specifically asking him to file a motion for modification of sentence.[1]

The circuit court denied postconviction relief. The circuit court found that Day's assertion that he asked trial counsel to file a motion for modification of sentence was "not supported by the record[,]" and that, even if Day had made such a request, the claim for ineffective assistance of counsel "would fail nonetheless." Day filed an application for leave to appeal. In a four-paragraph order, the Court of Special Appeals summarily reversed and remanded with instruction to permit Day to file a belated motion for modification of sentence. The State, Petitioner, filed a petition for a writ of *certiorari*, which this Court granted.

We are asked to determine whether trial counsel's failure to timely file a motion for modification of sentence pursuant to Maryland Rule 4-345(e) constituted ineffective of assistance of counsel. This case potentially presents the issue of whether a petitioner for postconviction relief seeking the right to file a belated motion for modification of sentence pursuant to Maryland Rule 4-345(e), based on ineffective assistance of counsel, must establish that he or she timely requested that trial counsel file such a motion. As such, the matter potentially involves the issue of whether State v. Adams, 171 Md. App. 668, 912 A.2d 16 (2006), aff'd in part and rev'd in part, 406 Md. 240, 958 A.2d 295 (2008), stands for the proposition that, to establish ineffective assistance of counsel based on the failure to file a motion for modification of sentence, a postconviction petitioner need not

_____

[1]At the hearing, the parties' counsel and witnesses referred to a motion for modification of sentence as a motion for reconsideration.

- 2 -

demonstrate that he or she requested that trial counsel file such a motion, and whether that is good law. Although the case raises issues of importance, we are unable to reach the merits because we are unable to determine the basis underlying the Court of Special Appeals's order reversing and remanding the matter for the filing of a belated motion for modification of sentence. We are unable to tell from the Court of Special Appeals's order whether that Court concluded that the circuit court did not find Day's testimony credible and that the circuit court's determination was clearly erroneous, or whether the Court of Special Appeals concluded that a request that trial counsel file a motion for modification of sentence was not necessary to establish ineffective assistance of counsel. Accordingly, pursuant to Maryland Rule 8-604(a) and (d), we remand the case, without affirming or reversing, to the Court of Special Appeals with instruction to explain the basis of its order of September 12, 2019, reversing the judgment of the circuit court denying postconviction relief and remanding and granting permission for the filing of a belated motion for modification of sentence. Specifically, the Court of Special Appeals should: (1) clarify whether <u>Adams</u> stands for the proposition that a defendant is not required to request that trial counsel file a motion for modification of sentence in order for trial counsel to be required to file such a motion, *i.e.*, that it is *per se* deficient performance for trial counsel to fail to timely file a motion for modification of sentence absent express instructions to not do so; (2) explain whether, in reversing the circuit court's judgment, it relied on <u>Adams</u>; and (3) provide any other explanation that clarifies its September 12, 2019 order, *e.g.*, that the circuit court's finding that Day's assertion was not supported by the record was clearly erroneous. The Court of Special Appeals should file its explanation on or before Friday,

- 3 -

July 31, 2020.

## BACKGROUND

### Criminal Case

On December 10, 2008, in the circuit court, a jury found Day guilty of first-degree burglary, robbery, and conspiracy to commit robbery. On May 12, 2009, the circuit court sentenced Day to twenty years of imprisonment for first-degree burglary, fifteen years for robbery consecutively, and fifteen years for conspiracy to commit robbery consecutively, for a total of fifty years of imprisonment. At that time, trial counsel provided Day with the following on-the-record advisement:

> [] Day, you have 90 days in which to file a motion for reconsideration, that would be filed with [the circuit court j]udge[.] He could not increase his sentence, but he could decrease his sentence or change it any number of ways.
>
> You have -- that's 90 days you have to file that. It must be done in writing. You may do it yourself or you may contact me at the Public Defender's office and I'll do it on your behalf.
>
> You have 30 days in which to ask a three[-]judge panel to review or revise the sentence here today. [The circuit court j]udge [] would not be a part of that three[-]judge panel, but the three judges would consult with [the circuit court j]udge [] with regard to his reasons for imposing the sentence. Or they could consult with him, even though he would not be a part of that three[-]judge panel. That three-judge panel could also change the sentence here imposed today.
>
> You have 30 days in which to file an appeal with the Court of Special Appeals. This Court of Special Appeals, I would note an appeal for you. The Court of Special Appeals will review the case for errors, possible errors in the trying or the sentencing of the case.

Trial counsel gave Day a written notice of the rights that were explained to him, asked Day to sign it, and stated that Day would be provided with a copy of it.

On May 13, 2009, trial counsel filed a notice of appeal. On June 10, 2009, while the appeal was pending, trial counsel filed an application for a three-judge sentence review panel. On March 15, 2011, in an unreported opinion, the Court of Special Appeals affirmed Day's convictions. On May 27, 2011, without a hearing, the three-judge panel affirmed Day's sentence.

**Postconviction Proceeding**

Seven years after sentencing, on August 30, 2016, Day filed a petition for postconviction relief, alleging, among other things, that trial counsel rendered ineffective assistance of counsel by failing to file a motion for reconsideration of sentence even though he requested that trial counsel do so. The State filed an answer opposing the petition.

On April 18, 2018, the circuit court conducted a hearing on the petition. At the hearing, Day testified that trial counsel never advised him of the options available to try to have his sentence modified, that he learned about the possibility of filing a motion for reconsideration of sentence through a jailhouse lawyer, and that he asked trial counsel at the sentencing proceeding to file such a motion. Specifically, the following exchange occurred:

> [DAY'S COUNSEL:] After you were sentenced, did [trial counsel] explain to you the rights that you had to try to change the sentence?
>
> [DAY:] No, sir. It just -- he filled out an application, direct appeal, and I asked to do a reconsideration.
>
> [DAY'S COUNSEL:] So, you knew that there was such a thing as a reconsideration motion?
>
> [DAY:] Yes, sir.

[DAY'S COUNSEL:] And, do you know where you learned that such a thing existed?

[DAY:] I learned it through a jail[]house lawyer.

[DAY'S COUNSEL:] Okay. . . . And what did you ask [trial counsel] to do with regard to the motion for reconsideration?

[DAY:] To fill one out for me.

[DAY'S COUNSEL:] Where were you when you asked [trial counsel] to file a motion for reconsideration?

[DAY:] In the court[]room. . . . The day of my sentence.

[DAY'S COUNSEL:] Did you see [trial counsel] after the day of your sentence?

[DAY:] No, sir.

On the State's behalf, trial counsel testified that, at the time of Day's trial and sentencing, he was an assistant public defender with nearly thirty years of legal experience and he was appointed to represent Day. The State asked trial counsel about the filing of any post-sentencing motions on Day's behalf and the following exchange occurred:

[THE STATE:] And with respect to the issue of the motion for reconsideration, do you recall whether you filed any post-sentencing motions on behalf of [] Day?

[TRIAL COUNSEL:] Do I recall, no. If you know, if there is a record we filed an appeal then I filed an appeal. If there's no record of me filing those things, it didn't get filed.

[THE STATE:] Well, if I told you that there was an application for a three-Judge panel in this case --

[TRIAL COUNSEL:] Let me be, let me be very clear. This is 10 years ago, a lot of cases before and after that. And in this situation, there was two cases, two trials. So, it's, when you're trying to remember back 10 years ago you get things intertwined. I have no particular recollection of filing any post[-

- 6 -

]trial motions.

On cross-examination, trial counsel testified that he had "no recollection" of Day being advised or not advised of his postconviction rights or whether Day had asked him to do anything to try to have his sentence modified.

On redirect examination, the following exchange occurred:

[THE STATE:] So, is it fair to say that you don't recall [] Day specifically asking you to file either a motion for reconsideration or an application for a three-Judge panel?

[TRIAL COUNSEL:] I have no recollection of the conversations with him.

[THE STATE:] If a client specifically asked you to file one or both, would it be your practice to do that?

[TRIAL COUNSEL:] It would be. But to say I've never made an error and failed to file would be wrong.

[THE STATE:] But in a situation where the defendant is given the maximum sentence, is it your testimony that there is a strategic decision to be made about which motion to pursue?

[DAY'S TRIAL COUNSEL:] As [was] said, they're [not] mutually exclusive. The only, and as far as a motion for reconsideration, there's really not a downside.

Afterward, the parties made closing arguments. With respect to the motion for reconsideration or modification of sentence, Day's counsel argued that it was "uncontroverted that [] Day asked [his trial counsel] to" file such a motion, stating:

Day testified that he asked [trial counsel] to do so, [trial counsel] testified that he had no recollection one way or the other. So, where one person is saying I asked for this thing to happen and the other person says I have no memory one way or the other[,] I would say that's uncontroverted. Moreover, this was one of hundreds of cases that [trial counsel] tried. It's one of only, it may have been the only two trials that [] Day ever had in his life so, there's every reason to think that he had a better recollection of how

- 7 -

things went than [trial counsel] did.

Nearly five months after the postconviction hearing, on September 17, 2018, the circuit court issued an eight-page statement of reasons and order denying postconviction relief.[2] As to the allegation that trial counsel rendered ineffective assistance of counsel by failing to file a motion for modification of sentence, the circuit court stated:

> [Day] contends that he requested trial counsel file a motion for reconsideration of sentence, which was never filed, and that such a failure constituted ineffective assistance of counsel. . . . [Day]'s sole basis for this allegation is that he allegedly requested trial counsel to file a motion for reconsideration of his sentence. **As the State correctly points out, this assertion is not supported by the record. Even if, assuming arguendo, that [Day] had requested trial counsel file the motion and trial counsel failed to comply, the argument would fail nonetheless.** As iterated above, the *Strickland* [*v. Washington*, 466 U.S. 668, 687 (1984)] test requires a showing of counsel's deficient performance and prejudice. Unless [Day] overcomes the strong presumption that trial counsel has acted within the wide range of reasonable professional assistance, this Court cannot hold in favor of [Day]. The ineffective assistance prong of *Strickland* is satisfied only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it.
>
> Here, the record shows that trial counsel pursued a motion for sentence review by a three-judge panel under Maryland Rule 4-344, and that he did not pursue a motion to reconsider sentence under Maryland Rule 4-345. Unlike a motion to reconsider sentence, a three-judge panel generally has the authority to increase a sentence. Pursuing review by the three-judge panel, which would not include . . . the sentencing judge, carried no risk in this instance, as he had already imposed the maximum sentence allowed under Maryland law. On the contrary, counsel could have reasonably believed that filing a motion to reconsider sentence would have been futile based on [the sentencing judge]'s stern comments at sentencing regarding the nature of the offense. This Court does not find that trial counsel was patently unreasonable in not filing a motion for reconsideration of sentence,

---

[2]Maryland Rule 4-407(a) requires a circuit court judge to "prepare and file or dictate into the record a statement setting forth separately each ground upon which the petition is based, . . . the court's ruling with respect to each ground, and the reasons for the action taken thereon."

and instead filing an application for a three-judge panel review.

(Cleaned up) (emphasis added).

## Appellate Proceedings

On November 1, 2018, in the Court of Special Appeals, Day filed an application for leave to appeal the denial of postconviction relief. In the application, as to the circuit court's statement that Day's claim that he asked trial counsel to file a motion for reconsideration of sentence was "not supported by the record[,]" Day contended that the circuit court's order failed to acknowledge "the uncontroverted testimony at the hearing [] that [] Day" requested trial counsel file a motion for reconsideration of sentence.

On March 7, 2019, the Court of Special Appeals issued an order, granting the application for leave to appeal in part and reversing the circuit court's order "with respect to [the] allegation of error that [Day] was denied the right to effective assistance of counsel in connection with the filing of a motion for modification or reduction of sentence pursuant to M[aryland] Rule 4-435[.]" The Court of Special Appeals remanded the case to the circuit court with instruction to grant Day the right to file a belated motion for modification of sentence pursuant to Maryland Rule 4-345(e), within ninety days of the issuance of the order. The Court of Special Appeals affirmed the circuit court's order denying postconviction relief in all other respects.[3]

---

[3]In the application for leave to appeal, Day raised issues concerning ineffective assistance of counsel based on trial counsel's failure to file a motion for modification of sentence and failure to introduce exculpatory evidence at trial. The circuit court had denied postconviction relief on both issues. The Court of Special Appeals affirmed the denial of postconviction relief as to the allegation concerning trial counsel's failure to introduce exculpatory evidence.

- 9 -

On March 19, 2019, the State filed a motion for reconsideration, requesting that the Court of Special Appeals reconsider its March 7, 2019 order. The State contended that, because Day had failed to include the transcript of the postconviction hearing with the application, it was not possible for the Court of Special Appeals to conclude whether the circuit court clearly erred in determining that Day's allegation that he asked trial counsel to file a motion for modification pursuant to Maryland Rule 4-345(e) was "not supported by the record." On March 28, 2019, the Court of Special Appeals granted the State's motion for reconsideration, recalled its March 7, 2019 order, and instructed Day to produce the transcript of the postconviction hearing. A few months later, on June 19, 2019, the Court of Special Appeals issued an order, stating that further consideration of the application for leave to appeal would be stayed pending a decision from this Court in Schlick, 465 Md. 566, 214 A.3d 1139. On August 23, 2019, this Court issued the opinion in Schlick, 465 Md. 566, 214 A.3d 1139.

On September 12, 2019, the Court of Special Appeals lifted the stay and issued an order reversing the circuit court's judgment with respect to the claim of ineffective assistance of counsel as to the filing of a motion for modification of sentence, affirming the circuit court's judgment otherwise, and remanding the case to the circuit court with instruction to grant Day the right to file a belated motion for modification of sentence.[4] In its entirety, the order stated:

> Having read and considered the above-captioned application for leave to appeal, it is this 12th day of September 2019, by the Court of Special

---

[4]The order was substantially the same as the order that the Court of Special Appeals issued on March 7, 2019.

Appeals,

      ORDERED, that the judgment of the Circuit Court for Montgomery County is REVERSED with respect to [Day]'s allegation of error that he was denied the right to effective assistance of counsel in connection with the filing of a motion for modification or reduction of sentence pursuant to M[aryland] Rule 4-345; and it is further,

      ORDERED, that the judgment of the Circuit Court for Montgomery County is otherwise AFFIRMED, and it is further,

      ORDERED, that the case is REMANDED to the Circuit Court for Montgomery County with instructions to grant [Day] the right to file a belated motion for modification or reduction of sentence, pursuant to M[aryland] Rule 4-345, within 90 days of the issuance of that order.

The State filed another motion for reconsideration, asking the Court of Special Appeals to deny the application for leave to appeal or to set the case in for full briefing and argument. The Court of Special Appeals denied the State's motion for reconsideration.

On November 13, 2019, the State petitioned for a writ of *certiorari*, raising the following two issues:

1. Must a criminal defendant seeking a belated motion for modification or reduction of sentence pursuant to [Maryland] Rule 4-345(e), based on ineffective assistance of counsel under the Sixth Amendment, establish in the post[]conviction court that he or she specifically directed trial counsel to timely file that motion?

2. Did the Court of Special Appeals err when it reversed, as clearly erroneous, the post[]conviction court's finding that Day had failed to provide competent evidence that he asked his trial counsel to file a motion for modification or reduction of sentence on his behalf?

On January 10, 2020, this Court granted the petition. See State v. Day, 466 Md. 546, 222 A.3d 1071 (2020).

## DISCUSSION

### The Parties' Contentions

The State contends that it is not *per se* ineffective assistance of counsel for defense counsel to not file a motion for modification of sentence pursuant to Maryland Rule 4-345(e), but rather that a defendant must establish that he or she specifically directed his or her attorney to file such a motion and the attorney failed to do so. The State argues that the circuit court did not find credible Day's testimony that he asked trial counsel to file a motion for modification of sentence and that the circuit court's finding was not clearly erroneous. The State asserts that the Court of Special Appeals's order granting Day's application for leave to appeal and remanding the case to the circuit court with instruction to grant Day the right to file a belated motion for modification contains no explanation for the decision, and as such, the order is unclear and must be reversed. The State maintains that it can discern two possible bases for the order—the Court of Special Appeals either: (1) determined that Day was not required to ask his trial counsel to file a motion for modification; or (2) concluded that the circuit court clearly erred in finding that Day did not make such a request. The State contends that, under either circumstance, the Court of Special Appeals erred in reversing the circuit court's denial of postconviction relief.

Day responds that the Court of Special Appeals correctly determined that he was entitled to file a belated motion for modification of sentence where the uncontested evidence demonstrated that he asked trial counsel to file the motion and trial counsel failed to do so. Day contends that the Court of Special Appeals granted relief because it determined that the circuit court clearly erred in finding that the record did not support the

- 12 -

allegation that he asked trial counsel to file a motion for modification. Day argues that the circuit court did not assess the credibility of his testimony that he asked trial counsel to file a motion for modification, but instead the content of the circuit court's order indicates that the court simply concluded that there was no evidence demonstrating that he asked trial counsel to file a motion for modification and perhaps "overlooked" his testimony.

According to Day, he has consistently argued that he is entitled to file a belated motion for modification of sentence because he asked his trial counsel to file such a motion and trial counsel failed to do so, not that he is automatically entitled to file a belated motion regardless of whether he asked his trial counsel to file such a motion. Day argues that this Court need not decide—and essentially issue an advisory opinion on—whether a postconviction petitioner must establish that he or she specifically directed trial counsel to file a motion for modification of sentence to obtain postconviction relief in the form of the right to file a belated motion. Day asserts that, in light of his testimony, the circuit court's finding that the record did not support the allegation was clearly erroneous and the Court of Special Appeals correctly determined that.

In a reply brief, the State reiterates that this Court should address the issue of whether a postconviction petitioner is required to establish that he or she specifically timely requested that trial counsel file a motion for modification of sentence because, here, the Court of Special Appeals's order and case law leaves unclear whether to establish ineffective assistance of counsel a petitioner must demonstrate that trial counsel was asked to file such a motion. At oral argument, the State acknowledged that, as an alternative to reversing the Court of Special Appeals's order, this Court should remand the case to the

"postconviction court" for clarification of its ruling.

## Standard of Review

"In reviewing a trial court's ruling on a petition for postconviction relief, an appellate court reviews for clear error the trial court's findings of fact, and reviews without deference the trial court's conclusions of law, including a conclusion as to whether the petitioner received ineffective assistance of counsel." State v. Mann, 466 Md. 473, 490, 221 A.3d 965, 975 (2019) (citation omitted).

## Ineffective Assistance of Counsel and Motions for Modification of Sentence

Recently, in Mann, id. at 490, 221 A.3d at 975, this Court discussed claims of ineffective assistance of counsel generally, stating:

> In Strickland, 466 U.S. at 687, the Supreme Court set forth a two-prong test for resolving a claim of ineffective assistance of counsel. "The first prong is known as 'the performance prong,' and the second prong is known as 'the prejudice prong.'" Ramirez v. State, 464 Md. 532, 560, 212 A.3d 363, 380 (2019) (cleaned up). "Generally, where a petitioner alleges ineffective assistance of counsel, the burden rests on him or her to satisfy both the performance prong and the prejudice prong." Id. at 562, 212 A.3d at 381 (cleaned up).

After imposition of sentence, a defendant has the right to seek modification of sentence pursuant to Maryland Rule 4-345(e), which governs a trial court's sentencing revisory power upon motion and provides, in relevant part:

> (1) *Generally*. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

In State v. Flansburg, 345 Md. 694, 703, 694 A.2d 462, 467 (1997), this Court held

that a defendant has a right under Maryland law "to the effective assistance of counsel in

connection with his [or her] request to file a motion for modification of the [] sentence."

In that case, the defendant admitted that he had violated his probation and the trial court

revoked his probation and reimposed part of the suspended portion of his sentence. See id.

at 696, 694 A.2d at 463. Before the ninety-day timeframe of Maryland Rule 4-345

expired,[5] the defendant sent his trial counsel two timely written requests to file a motion

for modification of sentence. See Flansburg, 345 Md. at 696, 694 A.2d at 463. Defense

counsel failed to file such a motion and the defendant sought postconviction relief, arguing

that the failure to file the motion constituted ineffective assistance of counsel. See id. at

696-97, 694 A.2d at 463. Ultimately, this Court agreed with the defendant and concluded

that defense counsel's failure to comply with the defendant's express request entitled him

to postconviction relief in the form of the right to file a belated motion for modification of

sentence. See id. at 705, 694 A.2d at 468.

In Matthews v. State, 161 Md. App. 248, 252, 868 A.2d 895, 897-98 (2005), the

Court of Special Appeals held:

> The failure to follow a client's directions to file a motion for modification of
> sentence is a deficient act, and such a failure is prejudicial because it results
> in a loss of any opportunity to have a reconsideration of sentence hearing.
> Accordingly, when a defendant in a criminal case asks his [or her] attorney
> to file a motion for modification of sentence, and the attorney fails to do so,
> the defendant is entitled to the post[]conviction remedy of being allowed to

---

[5]At that time, motions for modification of sentence were governed by Maryland
Rule 4-345(b), see Flansburg, 345 Md. at 696 & n.1, 694 A.2d at 463 & n.1, which was
renumbered as Maryland Rule 4-345(e) in 2004, see Schlick, 465 Md. at 575, 214 A.3d at
1144.

- 15 -

file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice.

The following year, in Adams, 171 Md. App. at 716, 912 A.2d at 44-45, the Court of Special Appeals affirmed a trial court's ruling that defense counsel provided ineffective assistance of counsel in not filing a motion for modification of sentence. In that case, the trial court granted postconviction relief in the form of the right to file a belated motion for modification of sentence, ruling in relevant part that, "pursuant to *Flansburg*, [the defendant] was denied the effective assistance of counsel based upon trial counsel's failure to file a Motion for Modification of Sentence within ninety (90) days after sentencing. There was no risk that a greater sentence would be imposed." Adams, 171 Md. App. at 686, 912 A.2d at 27. The Court of Special Appeals determined that the trial court's "terse statement effectively addresse[d] both prongs of the *Strickland* test[,]" and affirmed. Adams, 171 Md. App. at 716, 912 A.2d at 44. The Court of Special Appeals explained:

> An objective standard of reasonableness required that counsel file a motion for modification of sentence within ninety days after sentencing. Implicit in the court's statement that, had the motion been filed, [the defendant] would have been subjected to no greater risk was the conclusion that the failure to file a motion could not be viewed as a trial tactic. Unlike a substandard performance during the trial on the merits, there was no downside to ensuring [the defendant] an opportunity to receive a reduced sentence. Simply put, other than an express directive from [the defendant] not to file a motion for modification, there was no conceivable reason why, in the course of representing [the defendant], that a motion would not have been filed.

Id. at 716, 912 A.2d at 44-45 (cleaned up). Notably, in Adams, 171 Md. App. 668, 912 A.2d 16, the Court of Special Appeals did not specify whether the defendant in that case had ever asked his trial counsel to file a motion for modification of sentence. The Court

- 16 -

of Special Appeals appeared to imply that a defendant is not required to request that trial counsel file a motion for modification of sentence in order for trial counsel to be required to file such a motion, *i.e.*, that it is *per se* deficient performance for trial counsel to fail to timely file a motion for modification of sentence absent express instructions to not do so, given that there is no downside to filing the motion.

Later, in 2016, in <u>Rich v. State</u>, 230 Md. App. 537, 551 n.5, 148 A.3d 377, 385 n.5 (2016), when addressing the issue of whether the failure to file a motion for modification of sentence constituted ineffective assistance of counsel, the Court of Special Appeals determined that a postconviction petitioner was not entitled to relief because he did not provide evidence that he had asked trial counsel to file a motion for modification of sentence after two separate convictions. Indeed, the Court of Special Appeals stated:

> We can dispose quickly of [the postconviction petitioner]'s additional constitutional challenge that counsel had rendered ineffective assistance by failing to perfect an appeal or file a motion for modification of sentence after each of his three convictions. In its orders denying [the postconviction petitioner]'s requests for *coram nobis* relief, the court pointed out that counsel had filed a motion for modification of sentence after [the postconviction petitioner]'s 1993 conviction. It also noted that [the postconviction petitioner] did not provide any evidence that he'd asked counsel to file a motion to modify his sentence after the 2001 and 2002 convictions, or an application for leave to appeal after all three convictions. He likewise fails to provide any evidence of these allegations on appeal, and we will not find that his counsel rendered ineffective assistance on a silent record. *See Matthews v. State*, 161 Md. App. 248, 249, 868 A.2d 895 (2005) (concluding that a defendant is entitled to file a belated appeal or a belated motion for modification of sentence if he can show the court that he asked his attorney to take these actions but his attorney failed to do so).

<u>Rich</u>, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5.

Most recently, in <u>Schlick</u>, 465 Md. at 587, 214 A.3d at 1151, we held that, where a

trial court grants postconviction relief and gives a defendant ninety days from the date of its order to file a belated motion for modification of sentence, implicit in such an order is that the trial court has authority to exercise its revisory power over the sentence for five years following the postconviction court's final order, consistent with Maryland Rule 4-345(e). Additionally, we reiterated:

> *Flansburg* made clear that when a defendant directs his or her lawyer to file a motion to modify the sentence, the lawyer's failure to file a timely motion may constitute ineffective assistance of counsel. To remedy counsel's ineffectiveness, the postconviction court may permit a defendant to file a belated motion for modification of sentence.

Schlick, 465 Md. at 577, 214 A.3d at 1145 (citations omitted). In Schlick, id. at 570, 214 A.3d at 1141, given that trial counsel acknowledged that the defendant requested that a motion for modification be filed, we did not address the issue of whether trial counsel is required to file a motion for modification of sentence without being asked to do so.

**Analysis**

Although this case presents issues concerning the interplay between trial counsel's failure to file a motion for modification of sentence under Maryland Rule 4-345(e) and a claim of ineffective assistance of counsel, we do not reach the merits of those issues. Instead, pursuant to Maryland Rule 8-604(a) and (d), we remand the case, without affirming or reversing, to the Court of Special Appeals with instruction to explain the basis of its order of September 12, 2019, reversing the judgment of the circuit court denying postconviction relief and remanding and granting permission for the filing of a belated motion for modification of sentence. Particularly, the Court of Special Appeals should clarify whether Adams stands for the proposition that a defendant is not required to request

that trial counsel file a motion for modification of sentence in order for trial counsel to be required to file such a motion, whether, in reversing the circuit court's judgment, it relied on Adams, and provide any other basis for the September 12, 2019 order.

The Court of Special Appeals's order is capable of different interpretations.[6] In the order, the Court of Special Appeals did not explain the basis for its reversal of the circuit court's judgment, but rather simply stated that the judgment as to Day's allegation of ineffective assistance of counsel based on the failure to file a motion for modification of sentence was reversed and the Court remanded the case to the circuit court. Without an explanation, it is unclear from the order whether the Court of Special Appeals concluded that the circuit court clearly erred in finding that Day's allegation was not supported by the record and reversed on that basis, or whether the Court determined that Day was not required to establish that he asked trial counsel to file a motion for modification of sentence.

In the absence of anything else, it is plausible that the Court of Special Appeals interpreted the circuit court's order stating that the assertion was not supported by the

---

[6]Likewise, the circuit court's order denying postconviction relief is ambiguous. It is unclear whether the circuit court considered and did not credit Day's testimony that he asked trial counsel to seek reconsideration, or whether the circuit court did not consider the testimony at all. In the order denying postconviction relief, the circuit court found that Day's assertion that he asked trial counsel to file a motion for modification of sentence was, "[a]s the State correctly points out, . . . not supported by the record." It is difficult to discern from the circuit court's statement whether the circuit court considered Day's testimony at the hearing on the petition for postconviction relief that he asked his trial counsel to file a motion for modification of sentence and found Day not credible or whether the circuit court did not take the testimony into account in its determination of the issue. Addressing the basis of the Court of Special Appeals's order first, however, allows us to determine whether the issue raised by the State as to the applicability of Adams is before this Court.

- 19 -

record to mean that the circuit court found Day's testimony was not credible and the Court of Special Appeals determined that a request to file a motion for modification is required, but that the circuit court's decision regarding Day's credibility was clearly erroneous.[7] Or, perhaps the Court of Special Appeals reversed on the ground that a defendant is not required to make a request that a motion for modification be filed for trial counsel to be required to file such a motion, *i.e.*, it was of no consequence whether Day made the request or not. Stated otherwise, one potential reading of the order is that the Court of Special Appeals interprets <u>Adams</u> to mean that a defendant need not request that trial counsel file a motion for modification of sentence for trial counsel to be required do so, and that the Court applied this interpretation of <u>Adams</u>. We are left to hypothesize as to the basis for the Court of Special Appeals's order.[8] It would be theoretical at this point to consider the application of <u>Adams</u> and address that issue when the issue may or may not be raised by

---

[7]The Court of Special Appeals's request for the transcript of the postconviction hearing in response to the State's first motion for reconsideration could suggest that the Court sought to determine whether Day had in fact testified that he requested that trial counsel file a motion for modification, and that the Court of Special Appeals granted relief after verifying the existence of the testimony and that the circuit court's determination that there was no support in the record for Day's assertion was clearly erroneous. Another possibility is that the Court of Special Appeals granted relief to Day in September 2019 on alternative grounds, *i.e.*, because the Court concluded that the circuit court's determination was clearly erroneous and because the Court concluded that Day's case was indistinguishable from <u>Adams</u>. A third possibility is that, after reviewing the transcript of the postconviction hearing, the Court of Special Appeals relied only on <u>Adams</u> in arriving at its decision to grant relief. We cannot foreclose any of these possibilities based on the Court of Special Appeals's order granting relief to Day.

[8]The denial of the State's second motion for reconsideration is no more illuminating about the Court of Special Appeals's application of <u>Adams</u> than the Court's orders granting relief (the orders of March 7, 2019 and September 12, 2019). The order denying the second motion for reconsideration simply states that the motion, "having been read and considered be, and is hereby, DENIED."

the Court of Special Appeals's judgment.

Determining that the Court of Special Appeals held in <u>Adams</u> that a defendant need not request that trial counsel file a motion for modification in order for trial counsel to be found deficient for not doing so and that that holding is good law or in the alternative overruling the holding would be premature at this point. We would address the validity of <u>Adams</u> without knowing whether the Court of Special Appeals applied <u>Adams</u>. From the start, Day has maintained that he requested that trial counsel file a motion for modification and that the circuit court was clearly erroneous in not finding his request credible. Day has consistently argued that his case does not involve an issue as to whether <u>Adams</u> was rightly or wrongly decided. On the other hand, the State has argued that the Court of Special Appeals either found the circuit court's factual determination to be clearly erroneous or relied on <u>Adams</u> to conclude that no request that trial counsel file a motion for modification was necessary. Adding to the confusion as to whether the Court of Special Appeals applied <u>Adams</u>, is the circumstance that, after <u>Adams</u>, in <u>Rich</u>, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, the Court of Special Appeals concluded that a postconviction petitioner failed to establish ineffective assistance of counsel by not establishing that a request to file a motion for modification had been made. Addressing the validity of <u>Adams</u> now would be to address the matter without knowing whether the Court of Special Appeals applied <u>Adams</u>.

Given that the order of the Court of Special Appeals is unclear, we do not affirm or reverse, and instead remand for an explanation of the September 12, 2019 order. We remand the case to the Court of Special Appeals to provide clarification on or before Friday,

July 31, 2020, as to its interpretation of <u>Adams</u> and whether it granted permission for the filing of a belated motion for modification of sentence based on <u>Adams</u> or on any other ground, such as a determination that the circuit court's finding that there was no support in the record for Day's assertion that he requested that trial counsel file a motion for modification was clearly erroneous.

**CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITHOUT AFFIRMING OR REVERSING FOR FURTHER ACTION CONSISTENT WITH THIS OPINION. COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**