*Butler v. State*, No. 1343, September Term, 2021.  Opinion by Zarnoch, Robert A., J.

**INEFFECTIVE ASSISTANCE OF COUNSEL – DEFICIENT PERFORMANCE OF DEFENSE COUNSEL –** Failure to timely file a motion for modification or reduction of sentence is constitutionally deficient performance by counsel.

**INEFFECTIVE ASSISTANCE OF COUNSEL – PREJUDICE –** A failure by defense counsel to file a motion to modify is presumptively prejudicial because the defendant has lost the opportunity to have a reconsideration of sentence hearing.

**INEFFECTIVE ASSISTANCE OF COUNSEL – PREJUDICE –** Where the circuit court rejects a motion to modify on the merits without regard to the timeliness of the motion, the defendant suffers no prejudice.  Under these circumstances, the defendant has not lost the opportunity for reconsideration of the defendant's sentence.

Circuit Court for Baltimore County
Case No.: 03-K-09-005157

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1343

September Term, 2021

_____

CALVIN RODNEY BUTLER

v.

STATE OF MARYLAND

_____

Graeff
Arthur,
Zarnoch, Robert A.
    (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Zarnoch, J.
_____

Filed:  June 30, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This is an appeal from the Circuit Court for Baltimore County's denial of a petition for post-conviction relief. In his petition, Calvin Rodney Butler, appellant, contended that he had been denied his right to effective assistance of counsel in connection with a motion for modification of sentence, filed pursuant to Maryland Rule 4-345, when his trial counsel filed such a motion outside the 90-day time limit provided for by the Rule.

For the reasons explained herein, we affirm the judgment of the post-conviction court.

## LEGAL BACKGROUND

### *Standard of Review*

Whether a petitioner has been denied their right to effective assistance of counsel is "a mixed question of fact and law." *State v. Purvey*, 129 Md. App. 1, 10 (1999). "[W]e will defer to the post[-]conviction court's findings of historical fact, absent clear error." *Cirincione v. State*, 119 Md. App. 471, 485 (1998). But we exercise our "own independent judgment as to the reasonableness of counsel's conduct and the prejudice, if any." *State v. Jones*, 138 Md. App. 178, 209 (2001); *accord Coleman v. State*, 434 Md. 320, 331 (2013).

### *Right to Effective Assistance of Counsel - Generally*

In *Duncan v. State*, 236 Md. App. 510 (2018), this Court succinctly set forth the legal standards generally applicable to ineffective assistance of counsel claims, as follows:

> Both the Sixth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, and Article 21 of the Maryland Declaration of Rights guarantee the right to effective assistance of trial counsel. *See Coleman v. State*, 434 Md. 320, 334 (2013); *see also* U.S. Const. amend. VI, XIV; Md. Const. Decl. of Rts. art. 21. Under *Strickland v. Washington*, 466 U.S. 668 (1984), ineffective assistance of counsel claims involve a two-prong analysis. *See Harris v. State*, 303 Md. 685 (1985). To

establish ineffective assistance of counsel, a petitioner must demonstrate (1) that, under the "performance prong," counsel's performance was deficient, *i.e.*, counsel committed serious attorney error, and (2) that, under the "prejudice prong," counsel's deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687.

To meet the requirements under the "performance prong" and demonstrate "serious attorney error," a petitioner must show that the acts or omissions of counsel were the result of unreasonable professional judgment and that counsel's performance fell below an objective standard of reasonableness considering prevailing professional norms. *Cirincione v. State*, 119 Md. App. 471, 484 (1998). In other words, the "performance component" requires a "show[ing] that counsel's performance was deficient," and "counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Under the "performance prong," if counsel's acts were reasonable trial strategy or tactic, counsel's performance will not be deemed ineffective. *Strickland*, 466 U.S. at 687-89; *see also Oken v. State*, 343 Md. 256, 283 (1996). To demonstrate prejudice a petitioner must show a "substantial or significant possibility" that, but for the serious attorney error, the result would have been different. *Bowers v. State*, 320 Md. 416, 426 (1990).

*Id*. at 527-28.

### *Maryland Rule 4-345 Motion for Modification of Sentence*

Maryland Rule 4-345(e)(1) provides, in pertinent part: "Upon a motion filed within 90 days after imposition of a sentence … the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence."

### *Right to Effective Assistance of Counsel on a Motion for Modification of Sentence*

In Maryland, there are a number of cases dealing with ineffective assistance of counsel in connection with a motion for modification or reduction of sentence beginning with *State v. Flansburg*, 345 Md. 694 (1997). In *Flansburg*, the Court of Appeals, after

2

recognizing that a criminal defendant has a *right to counsel* on a motion for modification of sentence, and therefore a *right to the effective assistance* of counsel on such a motion, found that Flansburg had been denied that right when his counsel had failed to file such a motion after having been instructed to do so. The court found that failing to file the motion upon request amounted to a serious attorney error and reasoned that "[c]ounsel's failure to abide by his client's wishes resulted in [the defendant]'s loss of any opportunity to have a reconsideration of sentence hearing." *Id*. at 705. As a remedy, the Court held that Flansburg was entitled to post-conviction relief in the form of the right to file a belated motion for modification of sentence. *Id*.

Regarding the prejudice suffered by a criminal defendant when trial counsel performs deficiently by failing to file a motion for modification upon request, as was the situation in *Flansburg*, this Court, in *Matthews v. State*, 161 Md. App. 248, 252 (2005) clarified that, under such circumstances, a criminal defendant need not show a significant or substantial possibility that the motion for modification would have been granted in order to succeed on such a claim. Rather, this Court made explicit:

> what was merely, but clearly, implicit in *Flansburg*: The failure to follow a client's directions to file a motion for modification of sentence is a deficient act, and such a failure is prejudicial because it results in a loss of any opportunity to have a reconsideration of sentence hearing. Accordingly, when a defendant in a criminal case asks his attorney to file a motion for modification of sentence, and the attorney fails to do so, the defendant is entitled to the post[-]conviction remedy of being allowed to file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice.

*Id*. *See also Stovall v. State*, 144 Md. App. 711, 729 (2002) (holding that, to obtain right to file a belated motion for modification of sentence, post-conviction petitioner did not

3

need "to assert facts demonstrating a substantial possibility that the motion would be granted").

To summarize, in the context of a claim of ineffective assistance of counsel under Maryland law, when counsel fails to file a motion for modification of sentence upon request, such inaction amounts to deficient performance. Moreover, when pursuing such a claim, a criminal defendant need not show prejudice in the form of a significant or substantial possibility that the court would have granted the motion had it been filed. Rather, the prejudice suffered by a defendant in such a situation is presumed in the lost opportunity to the proceeding.

**THE PRESENT CASE**

On August 6, 2010, appellant pleaded guilty to first-degree rape in the Circuit Court for Baltimore County. On October 14, 2010, the court sentenced him to life imprisonment with all but forty years suspended in favor of five years' probation.[1]

On January 18, 2011, appellant, through counsel, filed an untimely motion for modification of sentence pursuant to Maryland Rule 4-345.[2,3] On February 4, 2011, the

---

[1] Appellant did not seek leave to appeal from his guilty plea in this Court.

[2] The 90-day window to file such a motion commenced on the date of the imposition of appellant's sentence, October 14, 2010, and expired on Wednesday, January 12, 2011. The Certificate of Service for the motion is dated January 14, 2011.

[3] As grounds for reducing his sentence, appellant pointed to his youthful age (20), that he had completed ninth grade, that he had strong ties to the community, that he had been a model employee for one year, and that he had minimal contact with the criminal justice system. In his prayer for relief he requested, among other things, that the court hold the motion *sub curia* for one year.

4

State filed an Answer to appellant's motion.[4]  On February 7, 2011, the circuit court filed an order denying appellant's motion for modification on its merits and without regard to the timeliness of the motion.  That order stated:

> The Court has received [appellant]'s Motion For Modification/Reduction Of Sentence and reviewed the Court file and the Court's trial notes.  The sentence of the Court was fair and reasonable.
>
> Accordingly, it is this 3rd day of February, 2011
>
> ORDERED, by the Circuit Court for Baltimore County, that the Motion for Modification be, and the same is hereby DENIED.

Thereafter, appellant filed a petition for post-conviction relief under the Maryland Uniform Postconviction Procedure Act.  In his petition, appellant alleged, *inter alia*, that he was denied his right to effective assistance of counsel when his counsel did not *timely* file a motion for modification or reduction of sentence.  Appellant claimed that the late-filed motion for modification of sentence was a legal nullity and the fact that the trial court

---

[4] The State's Answer to appellant's motion did not mention the timeliness, *vel non*, of appellant's motion.  In urging the court to deny appellant's motion, it stated, in pertinent part:

> [Appellant] was targeting women as they went to the ATM at night.  The first victim was merely robbed at gunpoint.  The second victim was not as fortunate.
>
> [Appellant] forced his way into her car while pointing a handgun at her.  [Appellant] ordered the victim to drive to Pine Grove Elementary School where he forced her to perform fellatio.  She was ordered by [appellant] to, "suck my dick or I will blow your head off[."]
>
> [Appellant] then raped the victim.  He took her driver's license and advised her if she reported the incident he would come after and kill her.
>
> It is accurate that [appellant] was young at the time of these offense [sic], however, the very nature of the offenses warrant the sentence imposed.

5

denied it on its merits was therefore irrelevant. He claimed that his trial counsel made a serious attorney error in failing to timely file the motion, that such a failure was *per se* prejudicial because he lost his opportunity to have his motion for modification considered as the circuit court lacked the authority to grant an untimely filed motion. Therefore, according to appellant, trial counsel's failure to file a timely motion for modification of sentence entitled him to post-conviction relief in the form of the right to file such a motion belatedly regardless of the fact that the circuit court had denied the motion on its merits.

On March 29, 2021, the post-conviction court, after holding a hearing, filed a memorandum opinion and order denying appellant's petition. The post-conviction court denied relief on the basis that, although trial counsel made a serious attorney error[5] in not timely filing the motion, appellant did not establish prejudice from that error because the circuit court had treated the motion as timely filed and denied it on its merits. The post-conviction court stated, in pertinent part:

> Although counsel's failure to file a timely motion for modification satisfies the first prong of the *Strickland* analysis in this case, Petitioner cannot satisfy the second prong. On February 3, 2011, Judge Turnbull issued an Order denying Petitioner's Motion for Modification of Sentence. The Order specifically noted that the Court "reviewed the Court file and the Court's trial notes." Although Petitioner's counsel did not file a timely motion for modification, the Court treated it as timely when issuing its ruling.[11] Therefore, Petitioner was not prejudiced by his counsel's deficient performance and cannot be provided relief on this allegation.

---

[5] While the post-conviction court at one point stated that "counsel's failure to timely file a motion for modification constitutes *ineffective assistance* under Maryland law[,]" in context it is clear that the court meant that such a failure amounted to *a serious attorney error* satisfying the first prong of the *Strickland* analysis and did not reach the conclusion that appellant had been denied his right to effective assistance of counsel. (Emphasis added.)

6

The State filed an answer to Petitioner's motion for modification on February 4, 2011, but did not file a motion to dismiss Petitioner's motion as untimely. It can, therefore, be inferred that Judge Turnbull was unaware that the motion was untimely, and simply ruled on the merits.[6]

Appellant then sought leave to appeal from the post-conviction court's judgment in this Court, which we granted.[7] We then transferred the case to our regular appellate docket. *Butler v. State*, CSA-ALA-0261-2021.

In this appeal, appellant raises the following question, which we have re-phrased:

Did the post-conviction court err in ruling that appellant was not denied his right to effective assistance of counsel where counsel failed to file a timely motion for modification of sentence?

For the reasons set forth below, we answer this question in the negative, and therefore, as noted earlier, we shall affirm the judgment of the circuit court.

## DISCUSSION

In this Court, appellant agrees with the post-conviction court's assessment that trial counsel performed deficiently, within the meaning of *Strickland*, *supra*, and its progeny,

---

[6] We note that the timeline of events reveals that the circuit court's order denying appellant's motion for modification of sentence was signed on February 3, 2011 and entered on the docket on February 7, 2011. The State's Answer to appellant's motion was also signed on February 3, 2011 but it was entered on the docket on February 4, 2011. Thus, the record does not make it clear whether the circuit court ruled on appellant's motion for modification with the benefit of the State's Answer to it.

[7] The post-conviction court also denied relief on a claim that appellant had been denied his right to effective assistance of appellate counsel in connection with the filing of an application for review of sentence by a three-judge panel. Appellant also sought leave to appeal the denial of that claim, which we declined to grant. That contention is therefore not before us. *See Harding v. State*, 235 Md. App. 287, 295 (2017) (noting that Maryland Rule 8-204(f)(5) "does not prohibit this Court from placing conditions or substantive limitations on our grant of an application for leave to appeal").

by filing an untimely motion for modification of sentence.[8]  In its brief before this Court, the State does not affirmatively dispute this finding.[9]  The parties' disagreement is on the question of whether appellant suffered any prejudice arising from trial counsel's error.

Appellant's position is that, because the circuit court did not have the authority to grant or deny the late-filed motion for modification of sentence, the circuit court's purported denial of it on the merits was a legal "nullity" with "'absolutely no legal force or effect.'"  Appellant claims that he suffered prejudice because he "was deprived of the right to have his motion considered by a court that had the authority to act upon it."

The State claims that the *per se* prejudice analysis found in *Flansburg* and *Matthews*, *supra*, does not apply to the facts presented by this case where the motion for modification was actually filed and denied on its merits.  According to the State, even though the circuit court "may have lacked jurisdiction to act on the motion because it was

---

[8] Both parties point out that, under existing precedent, the 90-day deadline to file a Rule 4-345 motion for modification of sentence is jurisdictional in nature.  *Cardinell v. State¸* 335 Md. 381, 385-86, 391-93, 398 (1994), *overruled on other grounds by State v. Green¸* 367 Md. 61 (2001); *Tolson v. State*, 201 Md. App. 512, 517-19 (2011); *State v. Kaspar*, 131 Md. App. 459, 463-64 (2000).  The parties also point out that, while those cases have not been specifically overruled, their continued vitality may have been called into question by *Rosales v. State*, 463 Md. 552, 562-70 (2019), which suggests that rule-based deadlines are "claim-processing rules" subject to waiver and forfeiture rather than jurisdictional limitations.  *See also State v. Schlick,* 465 Md. 566, 578 n.4 (2018); and *cf. Schlick v. State,* 238 Md. App. 681, 690 (2018), *aff'd on other grounds,* 465 Md. 566, 586 n.7 (2019) (If motion for modification is timely filed under Md. Rule 4-345(e), the court retains "fundamental jurisdiction" after the five years is up.).  That issue, however, is not before us in this appeal.

[9] In its answer to appellant's application for leave to appeal, the State did "not dispute that counsel performs deficiently by failing to *timely* file a requested motion for modification."  (Emphasis in original.)

not timely filed, had counsel filed the same motion mere days earlier, within the Rule 4-345(e) deadline, it would have also been denied, given [the circuit court]'s stated views on [appellant]'s sentence." Thus, the State claims that there is no basis to presume prejudice because the record affirmatively demonstrates that there is no substantial or significant possibility of a different outcome had the motion been timely filed.

We agree with the State. The circumstances of this case are analytically distinct from the situation where no motion for modification is filed upon request. *See Franklin v. State,* 470 Md. 154, 197 n.18 (2020) (The sentencing court's belated denial of a motion for modification "is preferable to the failure to exercise discretion at all."). In our view, the "lost opportunity" *per se* prejudice analysis in *Flansburg*, *supra*, and clarified in *Matthews*, *supra*, is not applicable to this case. Although it is true that the circuit court lacked the authority to grant the late-filed motion for modification, and, therefore, in some sense, appellant lost the opportunity to have his sentence reconsidered, it is also true that the record in this case affirmatively demonstrates that, even if trial counsel had timely filed the motion, the circuit court would have denied it.

The *per se* prejudice approach taken by the Court of Appeals in *Flansburg* and its progeny arose because, in that scenario, "[c]ounsel's failure to abide by his client's wishes [to file the motion for modification of sentence] resulted in Flansburg's loss of any opportunity to have a reconsideration of sentence hearing." *Flansburg*, 345 Md. at 705. Here, counsel's failure to timely file the motion did not result in any lost "opportunity to have a reconsideration of sentence hearing" because we know that the circuit court would have denied the motion had it been timely filed. Thus, appellant suffered no prejudice,

9

within the contemplation of *Strickland* and its progeny, from any error of his counsel in failing to file a timely motion for modification of sentence.

Consequently, we shall affirm the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

10