Harry Davis, Jr. v. State of Maryland, Misc. No. 21, September Term, 2024

**INEFFECTIVE ASSISTANCE OF COUNSEL – MOTION FOR MODIFICATION OF SENTENCE – FAILURE TO CONSULT** – Supreme Court of Maryland held defendant may establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), based on counsel's failure to file motion for modification of sentence by demonstrating that counsel failed to consult with defendant about filing motion and that counsel's failure to consult with defendant was not reasonable, *i.e.*, that counsel's conduct fell below an objective standard of reasonableness, and due to counsel's deficient performance, defendant was deprived of opportunity to have motion for modification of sentence considered by court.

Supreme Court overruled State v. Adams, 171 Md. App. 668, 912 A.2d 16 (2006), aff'd in part and rev'd in part, 406 Md. 240, 958 A.2d 295 (2008), and Rich v. State, 230 Md. App. 537, 148 A.3d 377 (2016), aff'd, 454 Md. 448, 164 A.3d 355 (2017), as Court rejected *per se* deficiency rule as inconsistent with Strickland's reasonableness test. Supreme Court concluded that, contrary to Adams, it is not deficient performance *per se* whenever counsel fails to file motion for modification of sentence. Supreme Court also concluded that, contrary to Rich, record not demonstrating defendant asked to have motion for modification of sentence filed does not *per se* preclude finding deficient performance and prejudice where counsel failed to consult with defendant and did not file motion.

Supreme Court held that, in this case, trial counsel's failure to consult with defendant concerning filing of motion for modification of sentence fell below objective standard of reasonableness and constituted deficient performance. Supreme Court concluded that defendant was not required to demonstrate that he asked trial counsel to file motion for modification of sentence to establish prejudice because record demonstrated that but for trial counsel's failure to consult, there was reasonable probability that motion for modification of sentence would have been filed.

IN THE SUPREME COURT

OF MARYLAND

Misc. No. 21

September Term, 2024

_____

HARRY DAVIS, JR.

v.

STATE OF MARYLAND

_____

Fader, C.J.
Watts
Booth
Biran
Gould
Eaves
Killough,

JJ.

_____

Opinion by Watts, J.

_____

Filed: May 21, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

After imposition of a sentence in a criminal case, a defendant may seek modification of the sentence pursuant to Maryland Rule 4-345(e).  Maryland Rule 4-345(e)(1) provides that a defendant must file a motion for modification of sentence within ninety days after imposition of the sentence.  In this case, we are asked to determine whether trial counsel's failure to consult with a defendant about filing a motion for modification of sentence and not filing a motion may constitute ineffective assistance of counsel.  At bottom, we must determine whether ineffective assistance of counsel may be established based on counsel's failure to file a motion for modification of sentence where a defendant did not ask that a motion be filed.

In the Circuit Court for Baltimore City, after a trial, a jury convicted Harry Davis, Jr., Petitioner, of second-degree murder, two counts of first-degree assault, two counts of second-degree assault, and one count of openly wearing and carrying a dangerous weapon. The circuit court sentenced Mr. Davis to a total of 72 years' imprisonment, which was the top of the applicable guideline range, and approximately in the middle of the State's recommendation of a total of 103 years of imprisonment and the defense's request for a sentence of 53 years of imprisonment.

After imposing the sentence, the circuit court judge advised Mr. Davis, among other things, that he had 30 days to file an appeal and 90 days from the date of sentencing to file a motion for modification of sentence.  The circuit court judge did not advise Mr. Davis as required by Maryland Rule 4-342(h)[1] that he had a right to be represented by counsel in

---

[1]At the time of Mr. Davis's sentencing in July 2013, the advice the circuit court was

filing a motion for modification of sentence. Mr. Davis filed a timely appeal, and, in an unreported opinion, the Appellate Court of Maryland affirmed the judgment of the circuit court. See Harry Davis v. State of Maryland, No. 1285, Sept. Term, 2013, slip op. at 21 (Md. Ct. Spec. App. Nov. 25, 2014). No motion for modification of sentence was filed on Mr. Davis's behalf.

Over five years later, Mr. Davis, unrepresented, filed a petition for postconviction relief, alleging, among other things, that trial counsel rendered ineffective assistance of counsel by failing to file a motion for modification of sentence. When represented by counsel, Mr. Davis filed an amended petition for postconviction relief, alleging that trial counsel rendered ineffective assistance of counsel by failing to consult with him about filing a motion for modification of sentence and not filing a motion, and by not requesting a jury instruction on involuntary manslaughter. At a hearing on the petition for postconviction relief, Mr. Davis's trial counsel testified that he could not recall whether he had met with Mr. Davis after sentencing and that he never told Mr. Davis that he would file a motion of modification of sentence. Mr. Davis testified that he had no communication with counsel after sentencing. The circuit court issued a memorandum

---

required to provide a defendant was contained in Maryland Rule 4-342(i). Since July 1, 2010, the provision has contained the same language as it contains today; it was set forth in subsection (i) from July 1, 2010, to December 31, 2017, before becoming subsection (h), effective January 1, 2018. See Supreme Court of Maryland, Rules Order at 52 (Mar. 9, 2010), https://www.mdcourts.gov/sites/default/files/rules/order/ro163.pdf [https://perma. cc/DQU2-4JM8]; Supreme Court of Maryland, Rules Order at 20 (Oct. 10, 2017), https://www.mdcourts.gov/sites/default/files/rules/order/ro194.pdf [https://perma.cc/ 9VY5-6UDR]. For convenience, we refer to the current provision, Maryland Rule 4-342(h).

opinion and order, ruling that, absent any evidence that Mr. Davis asked trial counsel to file a motion for modification of sentence, it could not find that trial counsel rendered ineffective assistance of counsel on what it characterized as a "silent record."

Mr. Davis filed an application for leave to appeal, which the Appellate Court granted. After briefing and oral argument, pursuant to Maryland Rule 8-304, the Appellate Court transmitted a certification to this Court, setting forth the following questions of law:

1. To establish ineffective assistance of counsel based on the failure to file a motion for modification of sentence, must a defendant prove that he requested trial counsel to file the motion?

2. If not, should Maryland Courts adopt the framework established in Roe v. Flores-Ortega, 528 U.S. 470 (2000), which addressed an ineffective assistance claim based on the failure to file a notice of appeal, and apply that framework to a claim based on the failure to file a motion for modification?

In its certification, the Appellate Court stated that, in State v. Day, 469 Md. 526, 230 A.3d 965 (2020), this Court left unanswered the question of whether a petitioner seeking postconviction relief based on trial counsel's failure to file a motion for modification of sentence must demonstrate that the petitioner timely requested that trial counsel file such a motion. The Appellate Court advised that it had previously addressed the issue in State v. Adams, 171 Md. App. 668, 912 A.2d 16 (2006), aff'd in part and rev'd in part, 406 Md. 240, 958 A.2d 295 (2008), and Rich v. State, 230 Md. App. 537, 148 A.3d 377 (2016), aff'd, 454 Md. 448, 164 A.3d 355 (2017), and reached conflicting conclusions. This Court accepted the certification and issued a writ of *certiorari* with respect to the entire action, with review to be based on the briefs filed in the Appellate Court. See Davis v. State, Misc. No. 21, Sept. Term, 2024 (Md. Dec. 20, 2024).

Mr. Davis contends that trial counsel rendered ineffective assistance of counsel by failing to consult with him about filing a motion for modification of sentence and not filing a motion, and that as a remedy he should be permitted to file a belated motion for modification of sentence. The State responds that because Mr. Davis did not request that trial counsel file a motion for modification or identify any evidence in the record demonstrating that he was unaware that he had a right to counsel to file such a motion, he failed to establish ineffective assistance.

We hold that a defendant may establish ineffective assistance of counsel based on counsel's failure to file a motion for modification of sentence by demonstrating: (1) that counsel failed to consult with the defendant about the filing of a motion and that counsel's failure to consult with the defendant was not reasonable, *i.e.*, that counsel's conduct fell below an objective standard of reasonableness; and (2) that due to counsel's deficient performance, the defendant was deprived of the opportunity to have a motion for modification of sentence considered by the court, *i.e.*, that counsel's deficient performance prejudiced the defendant. Although proof that a defendant asked counsel to file a motion for modification of sentence and counsel failed to do so are circumstances that may establish ineffective assistance of counsel, these are not the sole circumstances under which a defendant may show the deficient performance and prejudice necessary to establish ineffective assistance of counsel based on the alleged failure to file a motion for modification of sentence. Where there is reason to believe that a rational defendant under similar circumstances would want a motion for modification of sentence to be filed, the failure to consult with the defendant about filing a motion for modification of sentence is

- 4 -

conduct that falls below an objectively reasonable standard. In other words, where the evidence permits a finding that an attorney making reasonable choices in a similar situation would have consulted with a defendant about filing a motion for modification of sentence and counsel failed to do so and did not file a motion, a defendant has demonstrated deficient performance under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Our holding is based on the framework outlined by the Supreme Court of the United States in Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000), in which the Court considered the circumstances under which an attorney has an obligation to consult with a defendant about an appeal and reaffirmed that the Federal Constitution imposes the requirement that "counsel make objectively reasonable choices." (Citation omitted). The Supreme Court explained that, in assessing deficient performance under the Strickland test, the relevant question is whether counsel's choices were reasonable. See Flores-Ortega, 528 U.S. at 480-81. The Court stated that, when examining an attorney's duty to consult about an appeal, not every failure to consult with a defendant will be unreasonable. See id. at 479-80. The Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Id. at 480.

As the Supreme Court explained in Flores-Ortega, id. at 479-80, when discussing counsel's duty to consult concerning an appeal, we do not conclude that in every case counsel's failure to consult with the defendant about filing a motion for modification is

necessarily unreasonable. Rather, we conclude that where it is reasonable to think that a rational defendant would want to file a motion for modification of sentence, it is not a reasonable choice for an attorney to fail to consult with the defendant.

The second part of the Strickland test requires the defendant to demonstrate prejudice based on counsel's deficient performance. See Flores-Ortega, 528 U.S. at 481. In Flores-Ortega, id. at 484, the Supreme Court explained: "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." (Citation omitted). The Supreme Court stated that prejudice may be established where the record demonstrates that there is a "reasonable probability" that but for trial counsel's failure to consult with a defendant, an appeal would have been filed. Id.

In cases in which a defendant requested that trial counsel file a motion for modification of sentence and counsel failed to do so, we have held that the defendant demonstrated prejudice by establishing that due to counsel's deficient performance, the defendant lost the opportunity to have a motion for modification of sentence considered by the Court. See State v. Flansburg, 345 Md. 694, 705, 694 A.2d 462, 468 (1997); see also Matthews v. State, 161 Md. App. 248, 251-52, 868 A.2d 895, 897-98 (2005). We conclude that where counsel fails to consult with a defendant about filing a motion for modification of sentence and does not file the motion, the defendant must demonstrate that there is a "reasonable probability" that but for trial counsel's failure to consult with the defendant, a motion for modification of sentence would have been filed. Flores-Ortega, 528 U.S. at 484. In setting forth this standard, we follow the direction established in case law such as

Strickland and Flores-Ortega, by requiring a showing of actual prejudice in that the defendant must demonstrate that counsel's deficient performance deprived the defendant of a motion for modification of sentence that the defendant otherwise would have wanted to have filed.

For the reasons stated herein, we reverse the judgment of the circuit court and remand the case to that court with instruction that Mr. Davis be given the opportunity to file a belated motion for modification of sentence.

## BACKGROUND

### Facts and Procedural History

On April 18, 2013, in the circuit court, a jury convicted Mr. Davis of second-degree murder, two counts of first-degree assault, two counts of second-degree assault, and one count of openly wearing and carrying a dangerous weapon.

On July 2, 2013, the circuit court conducted a sentencing proceeding, at which Mr. Davis was represented by a panel attorney appointed by the Office of the Public Defender (the same attorney who represented him at trial). According to the circuit court, the sentencing guidelines set forth an applicable guideline range of 18 to 72 years. Mr. Davis's panel attorney asked for a sentence of 53 years of imprisonment.[2] The State requested a sentence of 103 years. The circuit court sentenced Mr. Davis to 72 years of imprisonment.

After imposing the sentence, the circuit court advised Mr. Davis as follows:

---

[2]Although Mr. Davis's trial counsel asked for a sentence of 53 years, at one point when addressing the court at sentencing, he stated that "[t]he guidelines have indicated between 40 and 72 years[,]" and that "the bottom of the guideline . . . would be an appropriate sentence."

[COURT:] You have 30 days to file an appeal, 90 days to ask me to change or modify sentence. Thirty days from today to file the appeal. Ninety days from today to file any modifications for sentence. And 30 days to request a three judge panel to review it, but they could, in fact, impose the maximum sentence. Okay.

Thereafter, Mr. Davis filed a timely notice of appeal, raising issues which are unrelated to this matter.[3] The Appellate Court affirmed the circuit court's judgment in an unreported opinion. See Davis, No. 1285, slip op. at 21. In the opinion, the Appellate Court summarized the facts underlying Mr. Davis's convictions as follows:

> Michael Smith testified that on September 2, 2010, at approximately 11:00 p.m., he noticed that there were individuals seated on a porch located on East Lynne Avenue. At that time, he saw a man with a brown shotgun shooting in the direction of the men on the porch. He then saw the men on the porch start running away. He and his wife did not run. Mr. Smith next saw a splatter of blood on his wife's neck and heard her cry out in pain. He then looked at the shooter who just stared back at him.
> After the shooting, a police officer showed Mr. Smith a photographic array made up of six pictures. He picked appellant's picture from that array and positively identified him as the shooter.

Davis, No. 1285, slip op. at 2.

---

[3]On appeal, Mr. Davis raised the following issues:

(1) Did the trial court err in failing to conduct any inquiry to ascertain whether the jury was impartial after a juror was excused because he said to the prosecutor, "You're doing a great job," and a sitting juror allegedly continued to have contact with the juror after he had been excused?
(2) Did the trial court err in admitting the prior statement of Michael Cauthorne?
(3) Did the trial court err in excluding evidence of an arson conviction for purposes of impeaching a witness who identified Appellant as the shooter?
(4) Did the trial court err in failing to take curative action with respect to the improper closing and rebuttal arguments of the prosecutor?

Davis, No. 1285, slip op. at 1-2.

Mr. Davis filed a petition for a writ of *certiorari*, which was denied. See Davis v. State, 442 Md. 195, 112 A.3d 373 (2015).

On May 11, 2020, Mr. Davis, proceeding *pro se*, filed a petition for postconviction relief, alleging, among other things, that trial counsel rendered ineffective assistance by failing to file a motion for modification of sentence on his behalf. On October 25, 2021, Mr. Davis, when represented by counsel, filed an amended petition for postconviction relief, alleging, in particular, that trial counsel rendered ineffective assistance of counsel by failing to consult with him concerning filing a motion for modification of sentence and not filing a motion. On January 4, 2023, the circuit court held a hearing at which two witnesses, Mr. Davis and his trial counsel, testified. At the hearing, Mr. Davis's trial counsel testified as follows about his communication with Mr. Davis after the sentencing proceeding:

> [POSTCONVICTION COUNSEL: A]fter the sentencing in this case in 2013, did you have any communications with Mr. Davis?
>
> [TRIAL COUNSEL:] I don't recall any.
>
> [POSTCONVICTION COUNSEL:] Do you recall whether you met with Mr. Davis after the sentencing?
>
> [TRIAL COUNSEL:] Sometimes I go to the lock up, but I don't remember going to the lock up to see him. I can't remember.
>
> [POSTCONVICTION COUNSEL:] Did you ever tell Mr. Davis directly, do you have a recollection of telling Mr. Davis that you would file a motion for modification of sentence for him?
>
> [TRIAL COUNSEL:] No, I never told him that.
>
> [POSTCONVICTION COUNSEL:] Did you -- would you -- do you have a recollection of ever having told Mr. Davis that you would be available and

- 9 -

willing to file a motion for modification of sentence for him.

* * *

[TRIAL COUNSEL]: I just recall telling him that I would be filing the appeal for him, which I believe I did. But beyond whatever the -- I don't know if it was me or the Judge that told him about his post-trial rights, beyond that, I don't recall anything.

On his behalf, Mr. Davis testified as follows:

[POSTCONVICTION COUNSEL:] Mr. Davis, after your sentencing hearing in 2013, did your trial attorney have any further meetings with you[?]

[MR. DAVIS:] No, sir.

[POSTCONVICTION COUNSEL:] Did he speak with you on the phone?

[MR. DAVIS:] No, sir.

[POSTCONVICTION COUNSEL:] Did he meet with you in lock up?

[MR. DAVIS:] No, sir.

[POSTCONVICTION COUNSEL:] Did he ever communicate to you that he would be available for the purpose of filing a motion for modification of sentence?

[MR. DAVIS:] No, sir.

On August 2, 2023, the circuit court issued a memorandum opinion and order denying postconviction relief. In the memorandum opinion, the circuit court stated that Maryland courts have consistently held that the failure to file a motion for modification of sentence "upon request" constitutes deficient performance and that a defendant is "inherently prejudiced by that failure" because it amounts to a lost opportunity to seek reconsideration of sentence. (Citing Flansburg, 345 Md. at 705, 694 A.2d at 468; Butler v. State, 255 Md. App. 152, 162, 278 A.3d 252, 259 (2022)). The court stated that "case

- 10 -

law is currently unsettled as to whether a defendant can establish ineffective assistance of counsel" based on trial counsel's failure to file a motion for modification of sentence without demonstrating having made a request that a motion be filed. (Citation omitted). The circuit court noted that in <u>Rich</u>, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, where the defendant provided no evidence that he had asked trial counsel to file a motion for modification of sentence after conviction, the Appellate Court "declined to find that Defendant's counsel rendered deficient performance on a silent record." The circuit court explained that it would adopt the same rationale. The court ruled that without any evidence that Mr. Davis asked trial counsel to file a motion for modification of sentence, it could not find that counsel rendered ineffective assistance on what it characterized as a "silent record." The court found that Mr. Davis had not satisfied the burden of demonstrating ineffective assistance of counsel by failing to file a motion for modification of sentence and denied postconviction relief on this ground.[4]

Mr. Davis filed an application for leave to appeal, which the Appellate Court granted. After briefing, the Appellate Court held oral argument on November 13, 2024. On November 26, 2024, the Appellate Court issued a "Certification to the Supreme Court of Maryland Pursuant to Maryland Rule 8-304." In the certification, the Appellate Court stated that, in <u>Day</u>, 469 Md. at 529, 230 A.3d at 967, this Court granted *certiorari* to consider the question of whether a petitioner seeking postconviction relief of filing a

---

[4]The circuit court also found that Mr. Davis had not satisfied the burden of demonstrating that trial counsel rendered ineffective assistance by failing to request an involuntary manslaughter jury instruction.

- 11 -

belated motion for modification of sentence based on a claim of ineffective assistance of counsel must demonstrate having timely requested that counsel file a motion for modification, but subsequently dismissed the writ as improvidently granted.

The Appellate Court explained that, in Day, 469 Md. at 529, 230 A.3d at 967, the decision under review may have involved its decision in Adams, 171 Md. App. at 716, 912 A.2d at 44, in which it held that it is generally *per se* ineffective assistance of counsel to not file a motion for modification of sentence (regardless of whether a defendant requests that a motion be filed) because there is "no downside" to filing a motion. The Appellate Court explained that later, in Rich, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, without citing Adams, it had rejected an ineffective assistance of counsel claim based on the failure to file a motion for modification of sentence, reasoning that the defendant had failed to provide any evidence that he had asked counsel to file the motion. The Appellate Court stated that, because the writ of *certiorari* in Day was dismissed as having been improvidently granted, this Court did not address the issue of whether a defendant may establish ineffective assistance of counsel based on the failure to file a motion for modification of sentence, where the defendant did not ask that a motion be filed. In the certification, the Appellate Court set forth the following two questions of law:

1. To establish ineffective assistance of counsel based on the failure to file a motion for modification of sentence, must a defendant prove that he requested trial counsel to file the motion?

2. If not, should Maryland Courts adopt the framework established in Roe v. Flores-Ortega, 528 U.S. 470 (2000), which addressed an ineffective assistance claim based on the failure to file a notice of appeal, and apply that framework to a claim based on the failure to file a motion for modification?

In an order dated December 20, 2024, this Court accepted the certification, and pursuant to Maryland Rule 8-304(c)(3), directed that a writ of *certiorari* should issue to the Appellate Court with respect to the entire action. In the order, we stated that review of the action in this Court would be on the briefs filed in the Appellate Court.

## DISCUSSION[5]

### A. Standard of Review

"In reviewing a trial court's ruling on a petition for postconviction relief, an appellate court reviews for clear error the trial court's findings of fact, and reviews without deference the trial court's conclusions of law, including a conclusion as to whether the petitioner received ineffective assistance of counsel." Ramirez v. State, 464 Md. 532, 560, 212 A.3d 363, 380 (2019) (citation omitted).

### B. Ineffective Assistance of Counsel

In Strickland, 466 U.S. at 687, the Supreme Court established a two-part test for

---

[5]In his brief filed in the Appellate Court, Mr. Davis raised only one issue:

Where Mr. Davis was not advised, either on or off the record, that he had the right to counsel on a motion for modification of sentence, and where his trial counsel did not communicate with him after sentencing, did the post-conviction court err denying his claim that trial counsel rendered ineffective assistance by not consulting about and not filing a motion for modification of sentence?

With the exception of alleging that he was not advised of the right to counsel, the issue raised by Mr. Davis on brief is essentially the same as the questions of law certified to this Court by the Appellate Court. Given the interrelated nature of the questions of law and the question in Mr. Davis's brief, we address all of the questions together in the discussion below.

resolving a claim of ineffective assistance of counsel. The first part of the test is known as "the performance prong[,]" and the second prong is known as "the prejudice prong[.]" See Newton v. State, 455 Md. 341, 356, 168 A.3d 1, 9 (2017) (citing Strickland, 466 U.S. at 687). To demonstrate the ineffective assistance of counsel, both parts of the test must be satisfied. See id. at 355, 168 A.3d at 9.

To satisfy the first part of the test, a petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning [in a manner] guaranteed [] by the Sixth Amendment." Strickland, 466 U.S. at 687. A petitioner "must show that counsel's representation fell below an objective standard of reasonableness" "under prevailing professional norms." Id. at 688. The Supreme Court stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance of counsel in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 689-90 (cleaned up).

To satisfy the second part of the test, a petitioner "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Id. at

- 14 -

687. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Our case law has "interpreted reasonable probability to mean [that] there was a substantial or significant possibility that the verdict would have been affected." Ramirez, 464 Md. at 561-62, 212 A.3d at 381 (cleaned up); see also State v. Syed, 463 Md. 60, 86-87, 204 A.3d 139, 154 (2019); Bowers v. State, 320 Md. 416, 426, 578 A.2d 734, 739 (1990).

When a petitioner alleges ineffective assistance of counsel, "the burden rests on" the petitioner to satisfy both parts of the Strickland test. Ramirez, 464 Md. at 562, 212 A.3d at 381 (quoting United States v. Cronic, 466 U.S. 648, 658 (1984)).

### C. Maryland Law on Motions for Modification of Sentence

### 1. Applicable Maryland Rules

Maryland Rule 4-342 governs the sentencing procedure in criminal cases. Maryland Rule 4-342(h), titled "Advice to the Defendant," consists of three subsections which mandate that, at the time of imposition of sentence, the court shall cause a defendant to be advised of certain rights or information. Maryland Rule 4-342(h)(1) provides:

> At the time of imposing sentence, the court shall cause the defendant to be advised of: (A) any right of appeal, (B) any right of review of the sentence under the Review of Criminal Sentences Act, (C) any right to move for modification or reduction of the sentence, (D) any right to be represented by counsel, and (E) the time allowed for the exercise of these rights.

Maryland Rule 4-345 governs the circuit court's revisory power with respect to sentencing. Maryland Rule 4-345(e)(1) sets forth the deadline for the filing of a motion for modification of sentence, stating in pertinent part as follows:

- 15 -

(e) Modification Upon Motion.

> (1) *Generally*. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

Furthermore, Maryland Rule 4-345(f) outlines the procedure for an open court hearing, providing:

> The court may modify, reduce, correct, or vacate a sentence only on the record in open court, after hearing from the defendant, the State, and from each victim or victim's representative who requests an opportunity to be heard. The defendant may waive the right to be present at the hearing. No hearing shall be held on a motion to modify or reduce the sentence until the court determines that the notice requirements in subsection (e)(2) of this Rule have been satisfied. If the court grants the motion, the court ordinarily shall prepare and file or dictate into the record a statement setting forth the reasons on which the ruling is based.[6]

## 2. Relevant Case Law

Both this Court and the Appellate Court have considered ineffective assistance of counsel claims based on a defendant's trial counsel's alleged failure to file a motion for modification of sentence on a defendant's behalf in a criminal case. In Flansburg, 345 Md. at 703, 694 A.2d at 467, this Court held that a defendant has a right under Maryland law "to the effective assistance of counsel in connection with [the defendant's] request to file

---

[6]Maryland Rule 4-345(e)(1) and (f) are the same today as they were at the time that Mr. Davis was sentenced. See, e.g., Supreme Court of Maryland, Rules Order at 33-35 (Nov. 1, 2012), https://www.mdcourts.gov/sites/default/files/rules/order/ro174 categories145912.pdf [https://perma.cc/3V3S-WGYX].

a motion for modification of the [] sentence." In Flansburg, id. at 696, 694 A.2d at 463, the defendant admitted that he had violated his probation and, as a result, the trial court revoked his probation and reimposed part of the suspended portion of his sentence. Before the 90-day timeframe set forth in Maryland Rule 4-345 expired, the defendant sent his counsel two timely written requests to file a motion for modification of sentence. See id. at 696, 694 A.2d at 463. Defense counsel failed to file a motion for modification and the defendant sought postconviction relief, arguing that the failure to file the motion constituted ineffective assistance of counsel. See id. at 696-97, 694 A.2d at 463. This Court agreed with the defendant and concluded that defense counsel's failure to comply with the defendant's express request to file a motion for modification of sentence entitled the defendant to postconviction relief in the form of the right to file a belated motion. See id. at 705, 694 A.2d at 468. In so concluding, we stated that defense counsel's failure to abide by the defendant's wishes resulted in the defendant's "loss of any opportunity to have a reconsideration of sentence hearing." Id. at 705, 694 A.2d at 468.

In State v. Schlick, 465 Md. 566, 587, 214 A.3d 1139, 1151 (2019), we held that, where a trial court grants postconviction relief and gives a defendant 90 days from the date of its order to file a belated motion for modification of sentence, implicit in the order is that the trial court has authority to exercise its revisory power over the sentence for five years following the postconviction court's final order, consistent with Maryland Rule 4-345(e). In Schlick, id. at 570, 214 A.3d at 1141, defense counsel had acknowledged in an affidavit that she had failed to file the motion for modification as requested by the defendant. We reiterated that "*Flansburg* made clear that when a defendant directs his or her lawyer to

file a motion to modify the sentence, the lawyer's failure to file a timely motion may constitute ineffective assistance of counsel." Schlick, 465 Md. at 577, 214 A.3d at 1145 (citation omitted). We stated that, "[t]o remedy counsel's ineffectiveness, the postconviction court may permit a defendant to file a belated motion for modification of sentence." Id. at 577, 214 A.3d at 1145 (citing Flansburg, 345 Md. at 705, 694 A.2d at 468). Because defense counsel admitted that the defendant had requested that she file a motion for modification of sentence, we did not address any issue as to whether counsel is required to file a motion for modification of sentence without being asked by the defendant to do so.

In Matthews, 161 Md. App. at 250, 868 A.2d at 896, at the postconviction hearing, the defendant testified that, at the conclusion of the sentencing proceeding, he discussed with his trial counsel filing a motion for reconsideration and "expressly asked counsel to file such a motion." The defendant's counsel failed to file a motion for modification of sentence. See id. at 251, 868 A.2d at 897. The Appellate Court held:

> We [] make explicit what was merely, but clearly, implicit in *Flansburg*: The failure to follow a client's directions to file a motion for modification of sentence is a deficient act, and such a failure is prejudicial because it results in a loss of any opportunity to have a reconsideration of sentence hearing. Accordingly, when a defendant in a criminal case asks his attorney to file a motion for modification of sentence, and the attorney fails to do so, the defendant is entitled to the post conviction remedy of being allowed to file a belated motion for modification of sentence, without the necessity of presenting any other evidence of prejudice.

Id. at 252, 868 A.2d at 897-98.

In Adams, 171 Md. App. at 716, 912 A.2d at 44-45, without mentioning whether the defendant had asked his counsel to file a motion for modification of sentence, the

Appellate Court affirmed a trial court's ruling that defense counsel rendered ineffective assistance in not filing a motion for modification of sentence. In Adams, id. at 686, 912 A.2d at 27, the trial court granted postconviction relief in the form of the right to file a belated motion for modification of sentence. In relevant part, the trial court ruled that, "pursuant to *Flansburg*, [the defendant] was denied the effective assistance of counsel based upon trial counsel's failure to file a Motion for Modification of Sentence within ninety (90) days after sentencing. There was no risk that a greater sentence would be imposed." Id. at 686, 912 A.2d at 27. The Appellate Court concluded that the trial court's "terse statement effectively addresse[d] both prongs of the *Strickland* test[,]" and affirmed. Adams, 171 Md. App. at 716, 912 A.2d at 44. The Appellate Court explained:

> An objective standard of reasonableness required that counsel file a motion for modification of sentence within ninety days after sentencing. Implicit in the court's statement that, had the motion been filed, [the defendant] would have been subjected to no greater risk was the conclusion that the failure to file a motion could not be viewed as a trial tactic. Unlike a substandard performance during the trial on the merits, there was no downside to ensuring [the defendant] an opportunity to receive a reduced sentence. Simply put, other than an express directive from [the defendant] not to file a motion for modification, there was no conceivable reason why, in the course of representing [the defendant], that a motion would not have been filed.

Id. at 716, 912 A.2d at 44-45. In Adams, with respect to the circumstances of the case, the Appellate Court did not indicate whether the defendant had requested that his counsel file a motion for modification of sentence. Rather, as we observed in Day, 469 Md. at 542, 230 A.3d at 974, in Adams, the Appellate Court

> appeared to imply that a defendant is not required to request that trial counsel file a motion for modification of sentence in order for trial counsel to be required to file such a motion, *i.e.*, that it is *per se* deficient performance for

- 19 -

trial counsel to fail to timely file a motion for modification of sentence absent express instructions to not do so, given that there is no downside to filing the motion.

In Rich, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, the Appellate Court reached the opposite conclusion. In addressing whether the failure to file a motion for modification of sentence constituted ineffective assistance of counsel, the Appellate Court concluded that the petitioner was not entitled to relief because he did not provide evidence that he had asked his counsel to file such a motion after two separate convictions. See id. at 551 n.5, 148 A.3d at 385 n.5. The Appellate Court stated:

> We can dispose quickly of [the petitioner's] additional constitutional challenge that counsel had rendered ineffective assistance by failing to perfect an appeal or file a motion for modification of sentence after each of his three convictions. In its orders denying [the petitioner's] requests for *coram nobis* relief, the court pointed out that counsel *had* filed a motion for modification of sentence after [the petitioner's] 1993 conviction. It also noted that [the petitioner] did not provide any evidence that he'd asked counsel to file a motion to modify his sentence after the 2001 and 2002 convictions, or an application for leave to appeal after all three convictions. He likewise fails to provide any evidence of these allegations on appeal, and we will not find that his counsel rendered ineffective assistance on a silent record. *See Matthews v. State*, 161 Md. App. 248, 249, 868 A.2d 895 (2005) (concluding that a defendant is entitled to file a belated appeal or a belated motion for modification of sentence if he can show the court that he asked his attorney to take these actions but his attorney failed to do so).

Rich, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5.

In Day, 469 Md. at 529, 230 A.3d at 967, this Court was "asked to determine whether trial counsel's failure to timely file a motion for modification of sentence pursuant to Maryland Rule 4-345(e) constituted ineffective assistance of counsel." We observed that the case "potentially" presented an issue as to "whether a petitioner for postconviction relief seeking the right to file a belated motion for modification of sentence pursuant to

- 20 -

Maryland Rule 4-345(e), based on ineffective assistance of counsel, must establish that he or she timely requested that trial counsel file such a motion." Id. at 529, 230 A.3d at 967. In Day, id. at 528, 230 A.3d at 966, the trial court denied postconviction relief, finding that the defendant's assertion that he had asked his counsel to file a motion for modification of sentence was "not supported by the record," and that, even if the defendant had made such a request, the ineffective assistance of counsel claim "would fail nonetheless." (Brackets omitted). In a short order, the Appellate Court "summarily reversed and remanded with instruction to permit [the defendant] to file a belated motion for modification of sentence[,]" and we thereafter granted the State's petition for a writ of *certiorari*. Id. at 528-29, 230 A.3d at 966-67.

Although the case potentially raised issues of importance, we were unable to reach the merits because we were not able to determine the basis underlying the Appellate Court's order reversing and remanding the matter for the filing of a belated motion for modification of sentence. See id. at 529, 230 A.3d at 967. Specifically, we were not able to discern from the Appellate Court's order "whether that Court concluded that the [trial] court did not find [the defendant's] testimony credible and that the [trial] court's determination was clearly erroneous," or whether the Appellate Court "concluded that a request that trial counsel file a motion for modification of sentence was not necessary to establish ineffective assistance of counsel." Id. at 529, 230 A.3d at 967. As such, pursuant to Maryland Rule 8-604(a) and (d), this Court remanded the case, without affirming or reversing, to the Appellate Court with instruction to explain the basis of its order reversing the trial court's denial of postconviction relief and remanding and granting permission for

- 21 -

the defendant to file a belated motion for modification of sentence. See id. at 529, 230 A.3d at 967.[7] After receiving a supplemental order from the Appellate Court clarifying its reasoning in reversing the trial court's judgment, we issued a *per curiam* order dismissing the writ of *certiorari* as having been improvidently granted. See State v. Day, 470 Md. 152, 153, 233 A.3d 175, 175 (2020) (per curiam).[8]

---

[7]In Day, 469 Md. at 530, 230 A.3d at 967, we identified the issues that the Appellate Court should address on remand as including that the Court "clarify whether Adams stands for the proposition that a defendant is not required to request that trial counsel file a motion for modification of sentence in order for trial counsel to be required to file such a motion," *i.e.*, whether Adams stood for the proposition "that it is *per se* deficient performance for trial counsel to fail to timely file a motion for modification of sentence absent express instructions to not do so[.]" We also asked that the Appellate Court "explain whether, in reversing the [trial] court's judgment, it relied on Adams[.]" Day, 469 Md. at 530, 230 A.3d at 967.

[8]In its certification to this Court, the Appellate Court noted that, in addition to Day, there have been at least three unreported opinions from that Court addressing the matter and reaching differing results. See Nicholas Harris v. State of Maryland, No. 3206, Sept. Term, 2018, 2020 WL 6158447, at *10-13 (Md. Ct. Spec. App. Oct. 21, 2020) (The Appellate Court noted that the defendant conceded at a postconviction hearing that he did not ask his counsel to file a motion for modification of sentence, concluded that the defendant's counsel rendered ineffective assistance with respect to advising him of the right to file a motion for modification, and ordered on remand that the defendant be given the opportunity to file a belated motion.); Grant Lewis v. State of Maryland, No. 815, Sept. Term, 2023, 2024 WL 1152553, at *3, *5 (Md. App. Ct. Mar. 18, 2024), cert. denied, 487 Md. 273, 317 A.3d 917 (2024) (The Appellate Court stated that the record demonstrated that the defendant did not ask trial counsel to file a motion for modification of sentence and that the record was devoid of any evidence that the defendant was unaware of his right to counsel, and concluded that the defendant failed to demonstrate his counsel's deficient performance or prejudice.); Damon Lawson v. State of Maryland, No. 1271, Sept. Term, 2023, 2024 WL 3857450, at *5, *11 (Md. App. Ct. Aug. 19, 2024) (The Appellate Court noted that, in his postconviction petition, the defendant conceded that he had not asked trial counsel to file a motion for modification of sentence and concluded that the postconviction court did not clearly err in finding that the defendant did not reasonably demonstrate to trial counsel that he wanted to have a motion for modification filed and that the defendant could not demonstrate prejudice.).

## D. <u>Flores-Ortega</u>

In <u>Flores-Ortega</u>, 528 U.S. at 473-74, 487, a federal habeas corpus case, the Supreme Court of the United States addressed an ineffective assistance of counsel claim based on the failure to file an appeal where the record was unclear as to whether the defendant's trial counsel consulted with the defendant after sentencing about an appeal. Addressing deficient performance, the Supreme Court held that counsel has an obligation to discuss a potential appeal with a defendant "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id.</u> at 480. The Court stated that the first prong of the <u>Strickland</u> test requires that the totality of the circumstances be considered, with a "highly relevant factor in this inquiry" being whether the defendant's conviction followed a trial or a guilty plea. <u>Id.</u> In other words, if a defendant maintains innocence, it is more likely that the defendant will want to appeal following a conviction, whereas "a guilty plea reduces the scope of potentially appealable issues" and "may indicate that the defendant seeks an end to judicial proceedings." <u>Id.</u> The Court noted that, in most instances, a counsel's performance will be deemed unreasonable under the first prong of the <u>Strickland</u> test if the defendant's preferences for appeal were never discussed. <u>See id.</u> at 481.

Moving to the second prong of the <u>Strickland</u> test, the Supreme Court stated that the case was unusual in that, assuming the defendant's allegations were true, "counsel's deficient performance has deprived [the defendant] of more than a fair judicial proceeding;

that deficiency deprived [the defendant] of the appellate proceeding altogether." Id. at 483 (emphasis omitted).[9] The Supreme Court made clear "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. The Supreme Court explained that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. See id. at 486. The Court held that, to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. Because the record did not demonstrate whether the defendant requested that counsel appeal or whether there were reasonable grounds for an appeal, the Court was unable to determine whether counsel had a duty to consult with defendant or whether the defendant was prejudiced by counsel's actions. See id. at 487. The Court vacated the judgment of the Court of Appeals and remanded the case for further proceedings consistent with its opinion. See id.

---

[9]Because the proceeding at issue was an appeal, the Supreme Court explained:

> In *Cronic* [and two other cases], we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." *Cronic*, *supra*, at 659, 104 S. Ct. 2039. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot afford any "presumption of reliability," . . . to judicial proceedings that never took place.

Flores-Ortega, 528 U.S. at 483 (citation omitted).

**E. Coyle v. State**

In Seamus Coyle v. State of Maryland, No. 21, Sept. Term, 2024, ___ Md. ___, ___ A.3d ___, slip op. at 2-3 (Md. _____, 2025), where an attorney was authorized by the Office of the Public Defender ("OPD") to file a petition for a writ of *certiorari* and failed to do so, we held that the defendant was entitled to effective assistance of counsel under the Maryland Public Defender Act, and that due to his attorney's deficient performance he had been deprived of an opportunity to file a petition. Although the issue of whether the defendant had requested that the petition be filed was not before the Court, we noted that the facts of the case indicated that the attorney had consulted with the defendant about filing a petition. See Coyle, slip op. at 6-7, 42. We explained that "[t]o establish prejudice, generally, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Coyle, slip op. at 39 (quoting Strickland, 466 U.S. at 694); see also Flores-Ortega, 528 U.S. at 482 (stating that, where the defendant is required to show actual prejudice, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (cleaned up)). We were careful in Coyle to explain that a defendant must demonstrate prejudice, *i.e.*, that prejudice was not presumed. See Coyle, slip op. at 43-45. Because the OPD had authorized the filing of the petition and the attorney had accepted the assignment, we concluded that the defendant had demonstrated prejudice by establishing that as result of his attorney's deficient performance he had been deprived of an opportunity to have a petition considered by the Court. See Coyle, slip op. at 44. As a remedy, we reversed the judgment of the

- 25 -

Appellate Court and granted the defendant the opportunity to file a belated petition for a writ of *certiorari*.  See Coyle, slip op. at 45.

### F. Applying the Above Principles to this Case

### 1. Demonstrating Ineffective Assistance of Counsel Where the Record Does Not Show that the Defendant Requested that a Motion for Modification be Filed

After careful review of the authorities above, we hold that a defendant may establish ineffective assistance of counsel based on counsel's failure to file a motion for modification of sentence by demonstrating that counsel failed to consult with the defendant about the filing of a motion and that counsel's failure to consult with the defendant was not reasonable, *i.e.*, that counsel's conduct fell below an objective standard of reasonableness and constituted deficient performance.  As to prejudice, the defendant must demonstrate that due to counsel's deficient performance, the defendant was deprived of the opportunity to have a motion for modification of sentence considered by the court.  We see no reason to treat Mr. Davis's claim of ineffective assistance of counsel differently than the Supreme Court of the United States treated the ineffective assistance claim in Flores-Ortega, in which the Court reiterated that the deficiency inquiry turns on the reasonableness of counsel's choices and that prejudice is established by demonstrating that counsel's deficient performance caused the forfeiture of a judicial proceeding.

We overrule Adams and Rich.  In Adams, 171 Md. App. at 716, 912 A.2d at 44-45, the Appellate Court held that an objective standard of reasonableness requires that trial counsel file a motion for modification of sentence and essentially established a standard that the failure to file a motion for modification of sentence is *per se* unreasonable.  In

Flores-Ortega, 528 U.S. at 478, the Supreme Court of the United States plainly stated that not every failure to consult with a defendant and file an appeal is *per se* unreasonable. The Supreme Court rejected a *per se* deficiency rule as inconsistent with Strickland's reasonableness test and so do we. In Rich, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, the Appellate Court disposed of the petitioner's ineffective assistance claim in a single footnote, noting that a defendant cannot prevail on such a claim if the record is "silent" on whether trial counsel was asked to file a motion for modification of sentence. Stated otherwise, in Rich, the Appellate Court indicated that where the record is silent as to a defendant having asked trial counsel to file a motion for modification of sentence, a finding of ineffective of assistance of counsel is precluded *per se*. However, a record being silent as to whether a defendant made a request to have a motion for modification of sentence filed does not preclude *per se* a finding of deficient performance or prejudice where counsel failed to consult with the defendant and did not file a motion. Based on the specific circumstances of a case, counsel may have a duty to consult with a defendant about filing a motion for modification of sentence because the failure to do so would be unreasonable and counsel's failure to consult with the defendant may be prejudicial. See Flores-Ortega, 528 U.S. at 487.

For these reasons, we conclude that both the Adams and Rich decisions are clearly wrong and contrary to principles set forth in Strickland. In addition, to the extent that other case law of this Court or the Appellate Court is capable of being interpreted as holding that a defendant may establish ineffective assistance of counsel based on the failure to file a motion for modification of sentence only where the defendant asked for a motion to be

filed, in light of our holding today, such an interpretation would be incorrect.

## 2. Whether Mr. Davis's Counsel Rendered Ineffective Assistance: Deficient Performance

In Flores-Ortega, 528 U.S. at 478, the Supreme Court concluded that, where a defendant has not asked that an appeal be filed or instructed that an appeal not be taken, the question of "whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." The Supreme Court used the word "'consult' to convey a very specific meaning–advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id.

For the purpose of evaluating whether an attorney's conduct in not filing a motion for modification of sentence constitutes deficient performance where a defendant did not ask that a motion be filed, we adopt a process similar to the one set forth by the Supreme Court in Flores-Ortega and incorporate a similar definition of the word "consult." Where a defendant has not asked counsel to file a motion for modification of sentence, the precursor question is whether counsel in fact consulted with the defendant about filing a motion for modification of sentence. We use the word "consult" to mean that the attorney has contacted the defendant and made a reasonable effort to determine that the defendant is in fact aware of having the right to file a motion for modification of sentence and whether the defendant wants to have a motion for modification of sentence filed. In the context of a motion for modification of sentence, we do not define the word "consult" to include that

the attorney has discussed the advantages and disadvantages of having a motion filed because there is no apparent disadvantage to filing such a motion and requiring a discussion of the advantages and disadvantages of filing the motion would prove to be of little point.

If counsel has not consulted with the defendant about filing a motion for modification of sentence, the ensuing question is whether counsel's failure to consult with the defendant constitutes deficient performance. See id. Like the Supreme Court's approach in Flores-Ortega with respect to an attorney's duty to consult concerning an appeal, we decline to impose a *per se* rule that an attorney has a duty to consult with a defendant in every case about a motion for modification of sentence.[10] We conclude that, consistent with Strickland's requirement that an attorney's conduct must meet an objectively reasonable standard, an attorney's decision to not consult with a defendant after sentencing about a motion for modification of sentencing must be objectively reasonable. "In making this determination, courts must take into account all the information counsel knew or should have known." Flores-Ortega, 528 U.S. at 480 (citation omitted).

The circumstances that would give rise to a duty to consult with a defendant about filing a motion for modification of sentence include but are not limited to: (1) when there is reason to think that a rational defendant would want to file a motion for modification of sentence, regardless of whether the defendant has indicated a desire to do so, or (2) the

---

[10]Although in Flores-Ortega, 528 U.S. at 479, the Supreme Court noted that "States are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented," we believe that the better approach is to forego imposing a bright-line or rigid test requiring that an attorney consult with a defendant in every case about filing a motion for modification of sentence. This approach would be overly burdensome and not necessary to protect against the harm we are attempting to prevent.

defendant had indicated to counsel an interest in filing a motion for modification of sentence. See id. As the Supreme Court explained in Flores-Ortega, id., whether the defendant was sentenced as a result of a trial or a guilty plea in which the defendant received a bargained-for sentence will be a "highly relevant factor" in the inquiry. In the end, consistent with the Supreme Court's holding in Strickland, 466 U.S. at 688, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Flores-Ortega, 528 U.S. at 478.

In this case, the circumstances warrant the conclusion that trial counsel's conduct in not consulting with Mr. Davis about filing a motion for modification of sentence was not reasonable. At the postconviction hearing, trial counsel testified that he could not recall having further communications with Mr. Davis after the sentencing, and Mr. Davis testified that there was no further contact.[11] Relying on Rich, 230 Md. App. at 551 n.5, 148 A.3d at 385 n.5, the postconviction court determined that because Mr. Davis did not provide "any evidence" that he "asked trial counsel to file a motion for modification of sentence[,]" it could not find ineffective assistance of counsel on a silent record. Viewed under the framework discussed above, though, the record is not "silent" on the issue of trial counsel's

_____

[11]Given that postconviction proceedings alleging ineffective assistance of counsel may be filed many years after sentencing, see Md. Code Ann., Crim. Proc. § 7-103(b), an attorney having documented whether or not the attorney consulted with a client after sentencing about a potential motion for modification of sentence could avoid the necessity of relying on recollections that may have dimmed over the years. In the event of a factual dispute years later concerning whether an attorney consulted with a client about filing a motion for modification of sentence, contemporaneous notes could serve to refresh an attorney's recollection as to whether there had been a consultation or whether the attorney had concluded that consultation was not necessary.

conduct; rather, it demonstrates that trial counsel did not consult with Mr. Davis about filing a motion for modification of sentence following the sentencing hearing.

After a trial by jury, Mr. Davis was convicted of crimes of violence and received a sentence of 72 years of imprisonment where the circuit court had determined the applicable guideline range to be 18 to 72 years.[12] There was reason to think that any rational defendant under those circumstances would have wanted to file a motion for modification of sentence. We conclude that Mr. Davis's attorney's conduct in failing to consult with him about a motion for modification of sentence fell below an objective standard of reasonableness and constituted deficient performance.

---

[12]Although the sentencing judge did not state in open court, in accordance with the Rule, the minimum amount of time that Mr. Davis was required to serve for the violent crimes of which he was convicted, Maryland Rule 4-342(h)(2) provides:

> At the time of imposing a sentence of incarceration for a violent crime as defined in Code, Correctional Services Article, § 7-101 and for which a defendant will be eligible for parole as provided in § 7-301(c) or (d) of the Correctional Services Article, the court shall state in open court the minimum time the defendant must serve for the violent crime before becoming eligible for parole or for conditional release under mandatory supervision pursuant to Code, Correctional Services Article, § 7-501.

Mr. Davis was convicted of, among other offenses, second-degree murder and two counts of first-degree assault, both of which were (and still are) violent crimes under Md. Code Ann., Corr. Servs. ("CS") § 7-101(m)(1) and Md. Code Ann., Crim. Law § 14-101. Under CS § 7-301(c)(1)(i), Mr. Davis was (and still is) required to serve one-half of the sentences imposed for those offenses prior to eligibility for parole. In assessing performance, we are required to consider all of the circumstances that trial counsel would or should have been aware of. That Mr. Davis was sentenced for violent crimes for which he was required to serve one-half of the sentence before being eligible for parole is a circumstance that would have caused any attorney to believe that Mr. Davis would want to file a motion for modification of sentence.

### 3. Whether Mr. Davis's Counsel Rendered Ineffective Assistance: Prejudice

Generally, a defendant demonstrates prejudice by showing that but for counsel's deficient performance there was a "substantial or significant possibility" that the outcome of a proceeding would have been different. Ramirez, 464 Md. at 561-62, 212 A.3d at 381 (cleaned up). This Court has concluded that where counsel's deficient performance resulted in the loss or forfeiture of a proceeding itself, prejudice is established by showing that the defendant lost an opportunity to have a proceeding occur. In Coyle, slip op. at 44, we concluded that, because the OPD had authorized the filing of a petition for a writ of *certiorari* and the attorney had accepted the assignment, the defendant had demonstrated prejudice by establishing that, as a result of his attorney's deficient performance, he had been deprived of an opportunity to have a petition considered by this Court. In Flansburg, 345 Md. at 705, 694 A.2d at 468, we held that the defendant's trial counsel's failure to follow his request to file a motion for modification of sentence "resulted in [the defendant's] loss of any opportunity to have a reconsideration of sentence hearing." We did not require the defendant to demonstrate that there was a significant or substantial possibility that the motion for modification of sentence would have been granted. See id. at 705, 694 A.2d at 468; see also Strickland, 466 U.S. at 695. In Schlick, 465 Md. at 577, 214 A.3d at 1145, we reiterated that "*Flansburg* made clear that when a defendant directs his or her lawyer to file a motion to modify the sentence, the lawyer's failure to file a timely motion may constitute ineffective assistance of counsel." These cases instruct that where a defendant has requested that a motion be filed or an attorney was authorized by the OPD to file a petition or motion and, due to deficient performance an attorney fails to do so, the

record establishes that a defendant lost an opportunity for a proceeding that otherwise would have occurred.

In Flores-Ortega, 528 U.S. at 484, where the record was unclear as to whether the defendant asked that an appeal be filed, the Supreme Court explained that, under the circumstances of the case, to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  In Coyle, slip op. at 39, where an attorney had undertaken responsibility for filing a petition for a writ of *certiorari* and failed to do so, we observed that "[t]o establish prejudice, generally, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  (Quoting Strickland, 688 U.S. at 694).

In Coyle, slip op. at 40, 44-45, we made clear that as a result of counsel's deficient performance in failing to file a petition for a writ of *certiorari*, prejudice is not presumed in the manner discussed in cases involving the denial of access to counsel.  We applied the general rule that, where a defendant alleges ineffective assistance of counsel, ordinarily, a defendant must demonstrate prejudice due to counsel's deficiency.  See Coyle, slip op. at 44-45.  As the Supreme Court has explained:

> [W]hether we instead presume prejudice turns on the magnitude of the deprivation of the right to effective assistance of counsel.  That is because the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial[.]

Flores-Ortega, 528 U.S. at 482 (cleaned up).

In this case, the questions before us involve a claim of ineffective assistance of counsel in a post-sentencing proceeding and do not implicate the limited areas described in the Supreme Court of the United States's case law and ours in which prejudice has been presumed. We therefore reach the same conclusion as the Supreme Court in Flores-Ortega and as we did in Coyle—prejudice is not presumed. Because the record demonstrates that there is a reasonable probability that but for counsel's failure to consult with Mr. Davis concerning a motion for modification of sentence, Mr. Davis would have wanted a motion for modification filed and that the motion would have been filed, prejudice is established.

Mr. Davis would have suffered no adverse consequences upon the filing of a motion for modification of sentence and had already indicated his desire to have his convictions overturned when he exercised his right to appeal. As explained above, Mr. Davis was convicted of crimes of violence and received a sentence of 72 years of imprisonment, at the top of a guideline range that the circuit court had determined to be 18 to 72 years. We recognize that these are in part the same facts used to determine deficient performance. As the Supreme Court explained in Flores-Ortega, 528 U.S. at 486, in assessing whether there is a reasonable probability that a defendant would have wanted to pursue a particular course of action, the facts establishing the performance and prejudice prongs may overlap but they will not be coextensive in all cases. In Flores-Ortega, 528 U.S. at 485-86, the Supreme Court made clear that the prejudice inquiry it described "is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place" and that both may be satisfied in some instances with the same facts. In this case, trial counsel failed to consult with Mr. Davis concerning the filing of a motion for modification of

sentence where there was a reasonable probability that Mr. Davis would have wanted to have a motion filed and thus deprived him of the opportunity to do so.

**4. The Circuit Court's Failure to Advise Mr. Davis of the Right to Counsel**

On brief, Mr. Davis presented the question of whether the postconviction court erred in denying his claim for ineffective assistance of counsel where he was not advised at sentencing of the right to counsel for filing a motion for modification of sentence and trial counsel did not consult with him about the motion. In doing so, Mr. Davis raised an issue concerning the sentencing court's failure to cause him to be advised of his right to counsel for filing a motion for modification of sentence as required by Maryland Rule 4-342(h)(1).[13] Mr. Davis seemingly alleges that conduct by the court violated his right to effective assistance of counsel, which is not an allegation that is the substance of an ineffective assistance claim alleging that counsel deprived a defendant of the right to effective assistance. A court's failure to cause a defendant to be advised of the right to counsel for filing a motion for modification of sentence after sentencing would be governed by case law addressing a court's alleged interference with a defendant's right to effective assistance of counsel. See Geders v. United States, 425 U.S. 80, 89, 91 (1976); Strickland, 466 U.S. at 683, 686; Clark v. State, 485 Md. 674, 695-99, 301 A.3d 241, 253-56 (2023).

---

[13]Maryland Rule 4-342(h)(1)(D) provides that at the time of imposing sentence, the court shall cause the defendant to be advised of any right to be represented by counsel. As the State points out in its brief, "[t]he filing of a motion for modification of sentence during the 90-day period is within the scope of a defendant's statutory right to assistance of counsel under the Public Defender Act, Md. Code, §§ 16-101 *et seq.* of the Criminal Procedure Article[.]" Mr. Davis had a right to counsel for filing a motion for modification of sentence as he was represented by a panel attorney appointed by the Office of the Public Defender.

In <u>Clark v. State</u>, 485 Md. at 693-94, 301 A.3d at 252-53, we explained that the Supreme

Court has stated:

> [T]he Government violates the right to effective assistance when it interferes
> in certain ways with the ability of counsel to make independent decisions
> about how to conduct the defense, and that counsel can also deprive a
> defendant of the right to effective assistance, simply by failing to render
> adequate legal assistance.

(Cleaned up).

Ordinarily, to the extent that an appellant raises an issue on brief where we have

accepted certification from the Appellate Court and issued a writ of *certiorari* for the entire

action, we would address the issue. In this case, however, because we conclude that the

postconviction court erred in denying postconviction relief based on Mr. Davis's trial

counsel's ineffective assistance, it is not necessary for us to address any issue concerning

the sentencing court's deficient advisement. We have given all relief that is available.

**CONCLUSION**

In a straightforward application of the <u>Strickland</u> test, we hold that a defendant may

establish ineffective assistance of counsel based on counsel's failure to file a motion for

modification of sentence by demonstrating that counsel did not consult with the defendant

about the filing of a motion and that the failure to do so was not reasonable and therefore

constituted deficient performance. With respect to prejudice, the defendant must

demonstrate counsel's deficient performance caused the loss of an opportunity to have a

motion for modification of sentence considered by the court.

In this case, Mr. Davis has satisfied both parts of the <u>Strickland</u> test. For the reasons

discussed above, we reverse the judgment of the circuit court and remand the case to that

court with instruction to grant Mr. Davis the opportunity to file a belated motion for modification of sentence.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.**